## STATE EX REL. E. R. PRINCETON v. DISTRICT COURT OF HENNEPIN COUNTY AND OTHERS.
## APPEAL OF ROYAL RAPID CORPORATION.[1]

December 20, 1929.

No. 27,862.

*Herbert P. Keller, Bruce J. Broady* and *George G. Chapin,* for relator.

*Boutelle, Bowen & Flanagan,* for respondents.

STONE, J.

This matter is before us on the petition of E. R. Princeton for a writ of prohibition to the district court of Hennepin county pre-

[1]Reported in 228 N. W. 444.

venting the trial there of an appeal from an order of the railroad and warehouse commission, hereinafter referred to as the commission.

The petitioner is a resident of Hastings in Dakota county. Under the name of "Hastings-St. Paul Bus Company" and the authority of a certificate of convenience and necessity issued by the commission, he has operated during all of the times now in question, and continues to operate on regular schedule, motor busses for the carriage of passengers from St. Paul to Hastings and between intermediate points on trunk highway No. 53 on the west side of the Mississippi river. The Royal Rapid Corporation, in like manner, operates busses from Minneapolis through St. Paul over trunk highway No. 3 on the east side of the Mississippi through Hastings and on to Red Wing, Winona, LaCrosse and Chicago. May 9, 1929, on the petition of Royal Rapid Corporation, the commission made an order authorizing it to put on two additional daily schedules each way between St. Paul and Red Wing and through intermediate points. That order as such had no effect on service beyond St. Paul and into or through Hennepin county. October 16, 1929, upon the complaint of Princeton that his authorized operation between St. Paul and Hastings on the west side of the Mississippi was unduly and unreasonably interfered with by the new schedules, the order of May 9 was revoked by the commission. The order of October 16 recites that the original schedules of the Royal Rapid Corporation "between Hastings and Minneapolis are not involved in this proceeding;" that the additional service authorized between St. Paul and Hastings has not been "fully inaugurated" but that the schedules of the Royal Rapid Corporation have been somewhat rearranged so that additional local service between Hastings and St. Paul is furnished by through busses running from points south and east of Hastings to Minneapolis and return. The appeal now in question is one attempted by the Royal Rapid Corporation from the order of October 16 to the district court of Hennepin county.

■ Appeals under L. 1925, p. 178, c. 185, from orders of the railroad and warehouse commission affecting the regulation of motor

busses are taken under §·12. It provides that appeals may be taken by any aggrieved party "to the District Court or the Supreme Court of this state, under the conditions and subject to the limitations and with the effect specified in the Railroad and Warehouse Commission law of this state." The law so adopted by reference is now found in G. S. 1923 (1 Mason, 1927) § 4650, and so far as now material is as follows:

"Any party to a proceeding before the commission, or any party affected by any order thereof, * * * may appeal therefrom to the district court of the county in which the complainants, or a majority of them, reside, or in case none of them reside in the state, or in a proceeding commenced by the commission on its own motion without complaint, to the district court of one of the counties in which the order of the commission requires a service to be performed or an act to be done or not to be done by the carrier or warehouseman; *or in case of train service, to the district court of one of the counties through which the train runs.*" [Italics ours.]

Neither of the orders in question, that of May 9 and the one revoking it under date of October 16, requires any "service to be performed" or any "act to be done or not to be done" in Hennepin county. Neither relates to any bus service into or through Hennepin county. The only service affected was that between St. Paul and Red Wing. It does not enlarge the scope of the orders or their effect that respondent saw fit to accomplish the purpose of the order of May 9 by causing its through busses to furnish the additional local service between Hastings or Red Wing and St. Paul. The schedules of such busses and their termini are not affected by the order appealed from, that of October 16. Its only effect will be to prevent their handling passengers locally between points which are outside of Hennepin county. The incidence of the order of May 9 being only on local service, St. Paul to Red Wing, respondent could not extend its legal effect by causing its through busses to render the additional service authorized. For the purpose of determining the jurisdiction of the district court on appeal, the effect of such an order must be determined by its own terms and not by the man-

ner in which it was complied with. Its effect is not to be extended beyond the limitations of its own terms simply because of action taken by parties affected thereby for their own convenience and not by force of the order as such.

Inasmuch as the order of October 16 did not require a service to be performed or an act to be done or not to be done in Hennepin county, and inasmuch as the bus service affected did not extend into or through Hennepin county, the statute above quoted did not permit an appeal to the district court of that county. Hence that court is without jurisdiction.

■ Another argument for respondent is based upon the concluding sentence of L. 1925, p. 178, c. 185, § 12, which reads:

"Actions or proceedings against an auto transportation company may be tried in any county through which such company operates any of its motor vehicles."

That language, standing by itself, is sufficiently general and inclusive, it may be assumed, to include an appeal from an order of the commission. But the sentence quoted does not stand by itself. It is a general provision following a particular one governing appeals. In such a situation the particular provision controls. The two together, the preceding particular requirement as to appeals and the succeeding general one as to "actions or proceedings," must mean that appeals may be taken only to the counties designated, whereas an ordinary action or proceeding instituted against an auto transportation company in the district court may be tried in any county through which the defendant company "operates any of its motor vehicles."

The relator, Princeton, moved in the district court for a dismissal of the appeal upon the grounds urged here in support of his petition. That motion was denied and the case set for trial in its order. In view of the conclusion we have reached, that the district court of Hennepin county is without jurisdiction, a writ of prohibition should issue.

So ordered.