MURPHY MOTOR FREIGHT LINES, INC. v. ESAIAS R. WEISS.
RAILROAD & WAREHOUSE COMMISSION v. ESAIAS R.
WEISS.[1]

February 23, 1934.

Nos. 29,674, 29,789.

[1]Reported in 253 N. W. 1.

50

*Reuben G. Thoreen* and *Sullivan & Neumeier,* for appellant.

*Harry H. Peterson,* Attorney General, and *Harry W. Oehler,* Deputy Attorney General, for respondent Railroad and Warehouse Commission.

*John F. Selb* and *T. W. Walsh,* for respondent Murphy Motor Freight Lines, Inc.

*HOLT, Justice.*

Appellant, cited by the railroad and warehouse commission to show cause why he should not cease transportation between the Twin Cities and Duluth over trunk highway No. 1, after a hearing, was ordered to desist on the ground that he had been so transporting in violation of L. 1925, c. 185, 1 Mason Minn. St. 1927, §§ 5015-1 to 5015-19. Weiss appealed from the order to the district court of Washington county. Motions were made by the commission and by the Murphy Motor Freight Lines, Inc. to dismiss the appeal. By order of June 20, 1933, it was dismissed as to the latter but not as to the commission. Later, by order of July 25, 1933, it was dismissed as to the commission. The learned trial court took the view that it lacked jurisdiction to hear the appeal because the Murphy Motor Freight Lines, Inc., hereinafter referred to as the Murphy company, was a foreign corporation with its principal place of business in St. Paul, Ramsey county, and the district court of that county was the only court to which an appeal could be taken. Weiss appeals from each order of dismissal.

Mason Minn. St. 1927, § 5015-12 (L. 1925, c. 185, § 12) provides:

"In all respects in which the commission has power and authority under this act, proceedings may be instituted, complaints made and filed with it, process issued, hearings held, opinions and orders and decisions made and filed, and appeals taken by any aggrieved party from any order so made to the district court or the supreme court of this state, under the conditions and subject to the limitations and with the effect specified in the railroad and warehouse commission law of this state, contained in chapter 28, General Statutes 1923, and acts amendatory thereof."

When we turn to the chapter mentioned, § 4638 provides:

"Proceedings before the commission against any such carrier or public warehouseman shall be instituted by complaint, verified as a pleading in a civil action, stating in ordinary language the facts constituting the alleged omission or offense. The parties to such proceeding shall be termed, respectively, 'complainant' and 'respondent.' "

Section 4644 provides:

"Upon the verified complaint of any person or of any corporation, private or municipal, that any tariff of rates, fares or charges, or any part thereof, or of any classification is unequal or unreasonable," the commission shall investigate and determine the matter.

By § 4645 the attorney general may make such complaint, and by § 4646 it is provided: "The commission shall also, on its own motion," investigate matters under its charge, hold hearings, and make orders.

Section 4650 reads:

"Any party to a proceeding before the commission, or any party affected by any order thereof, or the state of Minnesota, by the attorney general, may appeal therefrom to the district court of the county in which the complainants, or a majority of them, reside, or in case none of them reside in the state, or in a proceeding commenced by the commission on its own motion without complaint, to the district court of one of the counties in which the order of the commission requires a service to be performed or an act to be done

or not to be done  \*  \*  \*  by service of a written notice of appeal on said commission, or on its secretary."

The person serving the notice of appeal shall within five days thereafter file proof of service with the clerk of the court to which the appeal was taken, and "thereupon said district court shall have jurisdiction."

"The complainant before the commission, if there was one (otherwise the state of Minnesota), shall be designated as complainant in the district court, and the carrier or warehouseman as defendant. No further pleadings than those filed before the commission shall be necessary." § 4651.

If the proceeding resulting in the order appealed from was instituted by the commission on its own motion, it is very clear that the appeal was taken to the district court of a proper county. The route over which Weiss was ordered to cease operating, between the Twin Cities and Duluth and Superior, was upon trunk highway No. 1, which passes through Forest Lake in Washington county. If a party makes a complaint to the commission and desires the privilege of having an appeal from the commission's order tried in the district court of the county of his residence, he should comply with the law and file a verified complaint designating himself as complainant and the accused as respondent. The so-called complaint was not verified, nor were any parties designated. The record of the commission should not leave the matter in uncertainty as to whether the proceeding is upon a proper complaint under the sections above referred to or upon the commission's own motion. The law makes it the duty of the commission to investigate and deal with violators of L. 1925, c. 185, without formal complaints. In the instant case we think the order itself, in addition to the lack of a proper verified complaint, should be held to indicate that the proceeding was upon the commission's own motion. After reciting the attorneys appearing for Weiss, for Murphy Motor Freight Lines, Inc., and for the attorney general, it reads:

"Pursuant to complaint of the Murphy Motor Freight Lines, Inc. and on the commission's own motion, after informal investigation

prior to and subsequent to the filing of such complaint, it appearing therefrom," etc.

In view of the informality of the complaint and the equivocal statements of the order, neither the Murphy company nor the commission ought to be heard to urge that Weiss has appealed to the district court of the wrong county. For the purpose of determining the proper district court to which Weiss, the party aggrieved by the commission's order, could appeal, we construe the record made before the commission to show that the proceeding was instituted by the commission on its own motion, and not upon a formal complaint under either § 4638 or § 4644 of the statute.

That even the Murphy company so considered the matter appears from its argument in this court upon its motion to dismiss the appeal on the ground that there is no controversy between it and Weiss—that it filed the complaint with the commission as any citizen would a complaint in a criminal prosecution in which he has no interest and no voice in the conduct of the case. This was not the ground urged in the court below for a dismissal of the appeal there. The ground there assigned for dismissal was that the Murphy company, a Delaware corporation, had its principal place of business in St. Paul. These inconsistent positions taken by the company are not helpful. But, as stated before, the record made should be construed as a proceeding by the commission on its own motion; that being so, the order is appealable by Weiss to the district court of a county where he is required to abstain from operating his transportation line. In passing it may be said that good practice would suggest that one who files a verified complaint with the commission against another should disclose therein his place of residence or, if a corporation, domestic or foreign, its principal place of business, so that in case of appeal, there will exist no uncertainty as to what district court it should be taken. We are well aware of the fact that every foreign corporation in order to do business in the state must appoint an agent on whom process may be served and keep on file with the secretary of state a statement showing the place of residence or office of such agent. But it is conceivable that the principal place of business of the corporation need

not be in the same county where is the agent appointed as the one on whom process against the corporation may be served.

Respondents rely on State ex rel. Princeton v. District Court, 179 Minn. 90, 228 N. W. 444. But that decision went on the proposition that the order there appealed to the district court of Hennepin county did not require any act done or not to be done in that county; hence that court did not acquire jurisdiction of the matter. It does not appear that Princeton, a resident of Dakota county, filed an unverified complaint therein. In the view we have taken of the record, the cases of State ex rel. Oakland Motor Car Co. v. District Court, 176 Minn. 78, 222 N. W. 524; State ex rel. Twin City & Southern Bus Co. v. District Court, 178 Minn. 72, 225 N. W. 915; Power Mfg. Co. v. Saunders, 274 U. S. 490, 47 S. Ct. 678, 71 L. ed. 1165, have no application.

The commission insists that according to Kirchoff v. Bd. of Co. Commrs. of McLeod County, 189 Minn. 226, 248 N. W. 817, the appeal should be dismissed as to it. The controversy there was between a person and a school district affected, which the board decided; but the board did not appear to have any interest, financial or otherwise, in the litigation. We think the commission has some interest in the matters here involved. It is charged with the duty to see that the provisions of L. 1925, c. 185, are complied with. Penalties may result from its orders. The law provides it with the services of the attorney general. The party appealing from its orders must serve notice on it. We think the commission is charged with an interest in the orders it makes in proceedings instituted on its own motion so as to be concerned in the appeal. We deem this appeal properly taken to the district court of Washington county, and the court should have heard and determined the same. Of course neither the commission nor the Murphy company need attend the trial if they consider that neither interest nor duty requires the order to be sustained.

The orders are reversed.

*DEVANEY, Chief Justice,* absent in attendance upon board of pardons, took no part.

*STONE, Justice,* took no part.