# C. S. SCOTT v. MILLER LIQUOR COMPANY and Another.[1]

July 11, 1913.

Nos. 18,083—(165).

**Demand for change of venue by nonresident defendant.**

1. Under R. L. 1905, § 4096, where an action is brought against two defendants in the county where one of them resides, and it does not appear that the resident defendant was merely a nominal party, was in default, or was joined to prevent a change of venue, the nonresident defendant cannot, by making a demand and affidavit in which the resident defendant does not join, have the place of trial changed to the county of his residence. To effect such a change, a majority of the defendants in the action must demand it.

[1] Reported in 142 N. W. 817.

**Same — statute inapplicable, when.**

    2. The provision of section 4096 that, if there are several defendants residing in different counties, the trial shall be had in the county upon which a majority of them shall unite in demanding, or *if the numbers be equal in that whose county seat is nearest*, has no application where less than a majority of the defendants demand a change of venue.

Action in the district court for Waseca county to recover $3,000. Defendant company demanded a transfer of the action from the county of Waseca to the county of Hennepin. Its motion to strike the case from the calendar and directing the court to transfer the files and records in the action to the clerk of the district court for Hennepin county was granted, Childress, J. From the order striking the action from the calendar of the district court for Waseca county and directing the clerk to transfer the files and records in the action to the district court for Hennepin county, plaintiff appealed. Reversed.

*Moonan & Moonan,* for appellant.

*Mead & Bryngelson,* for respondents.

BUNN, J.

This is an appeal by plaintiff from an order of the district court for Waseca county, striking the case from the calendar of that court, and directing the clerk thereof to transfer all the files and records in the action to the clerk of the district court for Hennepin county. The ground upon which the order was asked for and granted was that the place of trial of the action had been changed by the filing of an affidavit and demand for change of venue.

The sole question here is whether the place of trial had been changed to Hennepin county by the filing of the affidavit and demand. The action was against defendants jointly. Defendant Miller Liquor Company is a corporation having its office and principal place of business in Minneapolis. Defendant Paulson is a resident of Waseca county. The demand was made by defendant Miller Liquor Company, and was accompanied by an affidavit of one of its officers, and another affidavit of one of its attorneys; each affidavit was to the effect that the liquor company was a resident of Minneapolis, the

county seat of Hennepin county, and that defendant Paulson was a resident of the village of New Richland, in Waseca county, and lived about 12 miles from the city of Waseca, the county seat. Paulson did not join in the demand for change of venue, and had already answered in the case.

The trial court held that, because the number of defendants in the case was equal, the trial should be held in the county of the one whose county seat was nearest to his place of residence. And, because the liquor company had its place of business in Minneapolis, the county seat of Hennepin county, and Paulson lived 12 miles from the city of Waseca, the county seat of his county, the place of trial had been changed by the filing of the demand and affidavits. This holding was based upon the following language of R. L. 1905, § 4096:

"If there are several defendants residing in different counties, the trial shall be had in the county upon which a majority of them unite in demanding, *or, if the numbers be equal, in that whose county seat is nearest.*"

We are unable to sustain the view taken by the trial court. The provision quoted has no application where there are but two defendants, and one of them resides in the county in which the action is brought, and does not join in the demand for a change of venue. The italicized language quoted seems to have been added by the revision, as it is not found in Laws 1895, p. 147, c. 28, or Laws 1903, p. 627, c. 345. Its meaning is not entirely clear, but it was apparently intended to provide for a case where a majority of the defendants demanded a change of venue, and were not able to agree upon the county. It has never been the law in this state, prior to 1905, that less than a majority of the defendants in a case could obtain a change of venue by making the demand and affidavit. We cannot presume that the revisers or the legislature intended to authorize a change of the place of trial, in a case where the action is brought in the county where one of the two defendants resides, upon the demand and affidavit of the nonresident defendant alone, the right to effect the change being dependent upon whether the nonresident defendant resides nearer to his county seat than the resident defendant does to

his. Such a construction of the language is not necessary. The provision perhaps has something to justify its enactment if construed to mean that, where a majority of the defendants demand a change of venue, and are equally divided as to the county to which they desire the venue changed, the difficulty will be solved by selecting the county whose county seat is nearest to the county in which the action was commenced. But we hold that it does not apply to a case like the present one. There is no suggestion that Paulson was joined as a defendant, in order to prevent a change of venue, or that he is only a nominal defendant. Nor was he in default. It was therefore not permissible to disregard him in determining whether a majority of the defendants demanded the change. That it has always been considered necessary that a majority of the defendants demand the change is apparent from the cases. State v. District Court of Chippewa County, 85 Minn. 283, 88 N. W. 755; Suter v. Page, 64 Minn. 444, 67 N. W. 67; Grimes v. Ericson, 92 Minn. 164, 99 N. W. 621; Chadbourne v. Reed, 83 Minn. 447, 86 N. W. 415.

There is no doubt that the venue would have been changed ipso facto if the affidavit made out a prima facie case, but the affidavits here showed on their face that a majority of the defendants did not demand the change. It follows that no change was effected, and that the case was still in Waseca county.

Order reversed.