STATE EX REL. ALMOND B. CLARK v. JAMES H. QUINN AND
ANOTHER.

January 28, 1916.

Nos. 19,670—(261).

**Change of venue — demand by only one defendant.**

1. In an action brought against two defendants residing in different counties, one defendant being an individual, the other a municipal corporation, the individual defendant has no right, the other defendant not joining in the demand, to a change of the place of trial to the county of his residence, unless it appears that the other party was made a defendant for the purpose of preventing a change of venue.

**Same — joining municipal corporation as defendant to prevent change.**

2. It was not established by the evidence in this case that the municipal corporation was made a defendant for the purpose of preventing a change of venue.

Upon the relation of Almond B. Clark this court granted an alternative writ of mandamus directed to the judge and clerk of the district court for Martin county, to transfer the files and records of the case of Morrow v. Clark to the district court for Hennepin county or show cause why they had not done so. The respondents made return and moved to quash the writ. Writ quashed.

*Richard, Coe & Youngdahl,* for relator.

*John W. Lovell* and *Haycraft & Palmer,* for respondent.

BUNN, J.

Mandamus directed to the respondents, judge and clerk, respectively, of the district court for Martin county, to compel them to change the place of trial of an action brought in that county by Christine Morrow, as plaintiff, against Almond B. Clark and the city of Fairmont, as defendants. Respondents made return to the alternative writ and moved to quash.

The facts are as follows: Plaintiff in the action sought to be trans-

[1]Reported in 156 N. W. 284.

ferred is a resident of Martin county, as is defendant city of Fairmont. Defendant Clark resides in Hennepin county. The action was to recover for personal injuries sustained by plaintiff, while walking along a sidewalk in the city of Fairmont in front of a building owned by defendant Clark, by the falling of a piece of iron attached to the front of the building. The ground of liability alleged against Clark was negligence in the construction of the building; that alleged against the city, negligence of its officers in permitting the building to be constructed and maintained as it was. There was no allegation in the complaint that any notice had been served upon the city. The summons and complaint were served on defendant Clark October 5, 1915, and upon the city October 8, 1915. On October 23 defendant Clark served and filed a demand that the place of trial be changed to Hennepin county. The city did not join in this demand, and the clerk necessarily refused to transfer the files. Clark then obtained an order to show cause why the venue should not be changed as demanded, basing his motion upon the claim that he was entitled to the change as a matter of right under G. S. 1913, § 7722, and upon the ground that the city was made a defendant for the purpose of preventing a change of venue. The city was not made a party to this order to show cause, or notified of the proceedings. On October 28 defendants served and filed separate answers. That of the city was in effect a general denial. The court denied the motion to change the venue, and later denied a motion to strike the case from the Martin county district court calendar. This alternative writ of mandamus was then procured by relator from this court.

1. It is clear that relator had no right to a change of venue, unless the city was made a defendant for the purpose of preventing such change. Not only was the demand made by but one of two defendants, but the one not joining was a city sued in the county where it was located. Scott v. Miller Liquor Co. 122 Minn. 377, 142 N. W. 817; State v. District Court of Waseca County, 120 Minn. 458, 139 N. W. 947, Ann. Cas. 1914C, 106.

2. Whether the city was made a defendant for the purpose of preventing a change of venue was a question of fact. The evidence was conflicting, and does not persuade us that the trial court was wrong when it refused to order the place of trial changed. It is true that the complaint was probably demurrable for failing to plead the statutory notice to the city, but this point was for the city to raise or waive as it saw fit, and we know

of no way in which defendant Clark could take advantage of it. The fact that for this reason the complaint stated no cause of action against the city is by no means conclusive that there was bad faith in making the city a party. A good case was stated, with the exception of the failure to plead the notice, and while there may be a suspicion that plaintiff's real object is to try the case against Clark before a Fairmont county jury, and that the city is not opposing this, it is only a suspicion, and we are unable to say that the charge as to plaintiff's purpose to prevent a change of venue is established. See Roessler v. Union Hay Co. 131 Minn. 489, 154 N. W. 789.

Writ quashed.