## STATE EX REL. H. E. HANSON AND OTHERS v. DISTRICT COURT OF RAMSEY COUNTY AND OTHERS.[1]

May 12, 1922.

No. 22,998.

**Mandamus to compel court to grant a change of venue.**

1. Filing of proof of proper demand by a majority of resident defendants ipso facto removed the cause to Cottonwood county. Nonresidents must be left out of the court on the question of defendants' right to demand a change of venue. [Reporter.]

**No waiver of right to change by limited appeal.**

2. Because defendants appealed to the court for change of venue on grounds other than the residence of defendants, they did not waive their right to question the court's ruling on their motion for a change on that ground. [Reporter.]

[1]Reported in 188 N. W. 161.

Upon the relation of H. E. Hanson and others the supreme court granted its alternative writ of mandamus directed to the district court for Ramsey county and the honorable judges thereof to compel that court to transfer the action and the files thereof to the district court for Cottonwood county. Peremptory writ granted.

*O. J. Finstad*, for petitioner.
*O'Brien, Stone, Horn & Stringer*, for respondents.

PER CURIAM.

On petition for a writ of mandamus to compel the court below to grant a change of venue.

There are 11 defendants, of whom four reside in Cottonwood county, three in Hennepin county, one in Ramsey county, and three in the state of Iowa. The venue was laid in Ramsey county. The four residents of Cottonwood county, within time, made a proper demand for a change of the place of trial to that county. In this demand two of the other defendants joined, viz: Murphy, a resident of Hennepin county, and Menor a resident of Iowa. The clerk refused to transmit the files to Cottonwood county. Thereupon the demandants from that county moved the court to order a change of venue. Previous to the service of notice of the motion, the defendant Murphy, who had joined in the demand for the change, withdrew the same. The motion was denied.

We think the nonresidents must be left out of the count when it comes to the question of defendants' right to have a change of venue. There were eight defendants residents of this state. Five of these could unite in a demand for a change. This was done. The four were served August 17, 1921, and on September 2, 1921, proof of the demand of change of venue, made by the six defendants above mentioned, was duly filed with the clerk of court of Ramsey county, showing also that true and correct copies of the affidavits and demand were served on the attorneys for plaintiff on August 29, 1921. It does appear, however, that Murphy united in the demand before he was served with summons. We think he could so do and his demand was effecttive. When proof of this demand was filed the change was accomplished. Flowers v. Bartlett, 66 Minn. 213, 68 N. W. 976; State ex rel. M. T. M. Co. v. District Court of Meeker County, 77 Minn. 302, 79 N. W. 960; Grimes v. Ericson, 92 Minn. 164, 99 N. W. 621. It could not be undone by the change of mind or attempted withdrawal of one of the demandants afterward. We hold that the filing of the proof of the proper demand by a majority of the resident defendants ipso facto removed the cause to Cottonwood county.

We are also of the opinion, when the court ruled against defendants on their motion to transmit the files to Cottonwood county, they did not

waive the right to question such ruling, because of the fact that they again unsuccessfully appealed to the same court for a change of venue upon other grounds. In view of this conclusion it is unnecessary to consider the last order of the district court.

Let the writ issue as prayed.