# STATE EX REL. OAKLAND MOTOR CAR COMPANY AND OTHERS v. DISTRICT COURT OF WASECA COUNTY AND ANOTHER.
# IN RE FETCHENHIER v. OAKLAND MOTOR CAR COMPANY AND OTHERS.[1]

December 14, 1928.

No. 27,250.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for relator Oakland Motor Car Company.

*S. Bailey Wilson, Jr.* for relators Wilcox & Chesley.

*Gallagher, Madden & Gallagher* and *Moonan & Moonan,* for respondents.

[1]Reported in 222 N. W. 524.

STONE, J.

This is a personal injury action commenced in Waseca county. There are five defendants. Two of them, H. C. Manthey and John Manthey, reside in Waseca county. Two more, G. H. Wilcox and B. H. Chesley, reside in Blue Earth county. The fifth defendant, Oakland Motor Car Company, is a corporation of Michigan, domesticated in Minnesota, having an established office and place of business in Hennepin but none in either Blue Earth or Waseca counties. For convenience it will be referred to as the Oakland company. Together with defendants Wilcox and Chesley, it joined in the demand required by statute, G. S. 1923, § 9215, for a change of venue from Waseca county to Blue Earth county. The clerk refused to comply or transmit the files as demanded, and the district court of Waseca county (Senn, J.) has denied a motion for an order changing the venue to Blue Earth county and directing the transmission of the files to the clerk of court there by the clerk of court of Waseca county. Thereupon an alternative writ of mandamus was issued from this court, on the relation of the three defendants who joined in the demand for a change of venue, directing the respondents to transmit the files to Blue Earth county or show cause why that should not be done.

The question is whether the demand of the relators was sufficient to require the desired change of venue. The answer depends upon whether the Oakland company, because of its being a foreign corporation, is deprived of all voice in the statutory proceeding to fix the place of trial.

It is provided by statute, G. S. 1923, § 9214, that all actions not enumerated in §§ 9207 to 9213 (and this action being for personal injury and transitory is one of them) "shall be tried in a county in which one or more of the defendants reside when the action was begun;" that "if none of the parties shall reside or be found in the state, or the defendant be a foreign corporation, the action may be begun and tried in any county which the plaintiff shall designate;" and that a domestic corporation, other than the public service corporations mentioned, "shall be considered as residing in any county

wherein it has an office, resident agent or business place." By § 9215 it is enacted that if the county designated in the complaint in a transitory action is not the proper county, there shall be a change of venue upon demand of the defendant, accompanied by his affidavit or that of his agent or attorney, setting forth the county of his residence at the time of the commencement of the action. Upon the filing of such demand and affidavit, with proof of service upon plaintiff's attorney, within 30 days from the date of its service, the statute provides for an automatic change of venue, without "other proceedings," to the county where the defendant resides. It proceeds as follows:

"If there are several defendants residing in different counties, the trial shall be had in the county upon which a majority of them unite in demanding, or, if the numbers be equal, in that whose county seat is nearest."

The rest of the section is not pertinent to the present inquiry.

It is true, as argued for respondents, that the legislative policy indicated by § 9214 is to subject a foreign corporation to suit in this state "in any county which the plaintiff shall designate." There is nothing in that section or elsewhere qualifying that provision by any reference to the location of the principal or any other place of business of a foreign corporation sued here. But § 9215 is not so narrow. Where "there are several defendants residing in different counties," there may be a change of venue upon the demand of a majority of them. Corporations, either domestic or foreign, are neither specifically referred to nor differentiated from individual defendants, resident or nonresident. A foreign corporation doing business in this state can be excluded from the scope of the language only upon the theory that it is not to be considered as "residing in" any county in the state, notwithstanding that it may have very definitely an office or other established place of business in one or more Minnesota counties. No concept of the law of corporations is more common than that of a corporation's presence wherever it has a definitely · established agent, office or other place of business. 7 R. C. L. 695-696; 14 C. J. 338.

That is the theory of decision in Power Mfg. Co. v. Saunders, 274 U. S. 490, 47 S. Ct. 678, 71 L. ed. 1165. The statute involved was one of Arkansas requiring transitory actions if against a domestic corporation to be brought in a county where it has a place of business or in which its chief officer resides, and if against a natural person in a county where he resides or may be found, while at the same time permitting such actions against a foreign corporation to be brought in any county in the state. The defendant was an Ohio corporation lawfully doing business in the state of Arkansas with its principal and apparently its only place of business in the state at Stuttgart in Arkansas county. Over its timely objection, it was sued and forced to trial in another county where it had no place of business. The state courts enforced the statute of Arkansas as to venue, but in the Supreme Court of the United States the decision was that such a statute is unconstitutional as a discrimination against foreign corporations resulting in a denial to them of the equal protection of the laws. So, all else aside, if we are to save § 9215 of our own statute from the possibility of successful attack on the same line we must not construe it as giving to a resident domestic corporation a voice in fixing the venue of transitory actions against it while denying the same right to a domesticated foreign corporation in the same situation. The language of the statute does not require any such construction, for the determinative phrase, "defendants residing in different counties," may well be taken as including corporations, both foreign and domestic, which can be considered as resident in a given county in this state through the location there of an established agent, office or other place of business. We so construe it.

The precise question was not involved in State ex rel. Hanson v. District Court, 152 Minn. 540, 188 N. W. 161. There the question was whether individual defendants, not residents of this state, had a voice under the statute in the matter of fixing the place of trial of a transitory action, and it was held [152 Minn. 541] that they "must be left out of the count" on that question. Such defendants are not within the scope of the phrase "defendants residing in dif-

ferent counties" in this state, whereas foreign corporations actually present in any county of this state through an established office or other place of business may very well be considered as residing there—certainly so for the purposes of the jurisdiction of the local courts. See also State ex rel. Wilkins v. Tyrholm, 139 Minn. 389, 166 N. W. 533. Given the effect which those two decisions place upon our statute concerning the venue of actions against nonresidents, particularly corporations, there may be serious doubt whether it can resist successfully such an attack as was made upon a similar statute of a sister state in Power Mfg. Co. v. Saunders, 274 U. S. 490, 47 S. Ct. 678, 71 L. ed. 1165. But that question is not yet forced upon us because, as already appears, § 9215 can be and is construed to give foreign corporations having an established place of business in this state the same right as domestic corporations to join with other defendants in demanding a change of venue.

Under the construction of the controlling statute thus adopted, the Oakland company was a defendant resident in Hennepin county. Therefore, inasmuch as the demand for a change of venue to Blue Earth county was that of a majority of the resident defendants, a change of venue should have followed accordingly and a writ of mandamus should issue now to require it.

So ordered.

WILSON, C. J. took no part.