## STATE EX REL. A. C. WILLIAMS v. DISTRICT COURT OF DOUGLAS COUNTY AND OTHERS.[1]

November 4, 1932.

No. 29,314.

*Murphy, Johanson, Winter & Nelson,* for relator.
*Durham & Lystad,* for respondents.

PER CURIAM.

The relator seeks a peremptory writ of mandamus to restore an action to the calendar of Douglas county in the seventh judicial district.

July 27, 1932, the relator commenced an action in the district court of that county against Sam L. Herbert and the Lyle Culvert & Pipe Company, a Minnesota corporation, to recover for personal

[1]Reported in 245 N. W. 379.

injuries. At the time of the commencement of the action Herbert resided in Douglas county, and the Lyle Culvert & Pipe Company claimed its principal place of business to be in the city of Minneapolis, Hennepin county. The summons and complaint were served upon Herbert on the date above mentioned and on the company on the 19th day of August, 1932. Herbert put in his answer in Douglas county, and after 20 days from the service of summons had expired he joined with the company in its demand for change of venue to Hennepin county, the time for the company to answer not having expired. The principal question here presented is whether or not such demand was timely. The trial court held that it was and struck the case from the calendar in Douglas county. By this writ of mandamus relator seeks to have it restored to the calendar.

G. S. 1923 (2 Mason, 1927) § 9215, requires a demand for change of venue to be made within 20 days after the service of the summons, and also requires a majority of several defendants to unite in such demand. The relator contends that Herbert's joinder in the demand for change of venue after the 20 days had elapsed since the service of the summons upon him was ineffective and that consequently no change of venue was obtained.

It is our opinion that in this regard the relator is right and that Herbert's joinder in the demand was wholly without effect. The statute is specific upon the point that such demand must be made within 20 days of the service. In the case of Grimes v. Ericson, 92 Minn. 164, 166, 99 N. W. 621, 622, this court said:

"Where, in an action, there are several defendants, residing in different counties, a majority of such defendants may secure the change of venue authorized by the statute by making the proper affidavit, and serving a joint demand therefor, before the time for answering has expired as to any of them, or by each of them making such affidavit and serving a demand for the same change at any time before his time for answering expires."

A defendant may also join in the demand before he is served with the summons. State ex rel. Hanson v. District Court, 152 Minn. 540, 541, 188 N. W. 161. Herbert either might have got the

company to join with him in a demand for change of venue before it was served with summons, or he might have filed a demand for change of venue, which would have been wholly ineffective until subsequently joined in by the company; but his attempt to join with the company after the 20 days had expired from the time of the service of the summons upon him was wholly ineffective under the statute. The case is therefore controlled by Scott v. Miller Liquor Co. 122 Minn. 377, 142 N. W. 817.

Let a writ issue restoring the case to the calendar in Douglas county for trial there.