STATE EX REL. F. G. JOHNSON v. DISTRICT COURT OF WASECA COUNTY AND OTHERS.

IN RE WILLIS MILLS v. F. G. JOHNSON AND OTHERS.[1]

November 10, 1932.

No. 29,329.

*Snyder, Gale & Richards,* for relator.

*Gallagher, Madden & Gallagher* and *Moonan & Moonan,* for respondents.

[1]Reported in 245 N. W. 431.

288

WILSON, C. J.

Writ of mandamus to review an order of the district court refusing to direct the clerk of that court at Waseca, Minnesota, to transmit the files in this case to the district court of Ramsey county, to which county defendant-relator F. G. Johnson claims to have changed the venue in a demand made by him alone under G. S. 1923 (2 Mason, 1927) § 9214.

■ Plaintiff-respondent [Mills], living in Le Sueur county, seeks to recover in the district court of Waseca county for personal injuries which he attributes to a triangle automobile collision occurring in Minneapolis. Defendant Gabrielson lives in Duluth, St. Louis county. Service was made upon him on August 9, 1932. He interposed answer on August 15, 1932. Defendant Roger O'Malley lives in Wisconsin and has not been served. He has made no appearance. On August 16, 1932, service was made upon defendant-relator F. G. Johnson, who lives in St. Paul, in Ramsey county.

Upon September 6, 1932, defendant-relator Johnson served a demand and affidavit for change of venue, claiming the right so to do under G. S. 1923 (2 Mason, 1927) § 9214. He filed these papers with proof of service and paid the required clerk's fees. Plaintiff-respondent objected to the change, and the clerk did not act.

Pursuant to an order to show cause returnable September 27, 1932, the defendant-relator moved the court "for an order changing the venue" and for an order directing the clerk to transmit the files to Ramsey county and to strike the case from the calendar in Waseca county. This motion was based upon the proceedings hereinbefore mentioned, and also upon the ground that convenience of witnesses required such change. However, the record does not disclose any affidavit showing how or why the convenience of the witnesses would be promoted by the change. The motion was denied. Our alternative writ then issued.

Defendant-relator cannot prevail herein. The statute is definite; and when there is more than one defendant the venue can be changed only by demand in which the majority unite. The argument is that since Johnson does not reside in Waseca county he is

deprived of having his case tried in his own county, even though plaintiff and other defendants do not reside in Waseca county. But that argument is not sound. The other defendants theoretically and on paper are in the same position. The answer is that plaintiff has the right to prosecute the action in Waseca county unless it is removed therefrom in a method provided by statute. §§ 9206 and 9215. The statute does not permit one of two or more defendants alone to change the venue.

Counsel for relator cites authority to the proposition that if none of the defendants reside in the county wherein the action is brought one defendant is entitled to a change of venue to the county of his residence without the others joining in the application, or even where such other defendants oppose the application and consent to a trial where the action is brought. See 40 Cyc. 120. There are cases in California and perhaps in a few other states that apparently follow such rule. We think, however, that in this state our statutory provisions are exclusive. It is provided that every civil action shall be tried in the county in which it was begun, unless the place of trial be changed as prescribed in the statute. If the county designated in the complaint is not the proper county, the action may notwithstanding be tried therein, unless within 20 days after the summons is served the defendant demands in writing that it be tried in the proper county. Such demand shall be accompanied by an affidavit. The defendant-relator made this demand, but § 9215 contains a further provision:

"If there are several defendants residing in different counties, the trial shall be had in the county upon which a majority of them unite in demanding, or, if the numbers be equal, in that whose county seat is nearest."

We are of the opinion that this statute precludes the relator from making a change alone. It is doubtful if the California statute contained any such provision. To hold that the relator could change the venue alone would lead to confusion and complications. If the defendant Gabrielson should also have made a similar demand to move the venue to his county, what would hap-

pen? He would have equally as good a right to make his demand as Johnson would to make his demand. There may be several defendants, and if one had such right, each of them would; but obviously each could not prevail.

We reach the conclusion that under our statute the fact that none of the defendants live in the county wherein the action is commenced is immaterial, and that before the demandant can prevail he must have the majority with him. As has been stated by this court, it is not imperative that they make their demand at the same time or that they join in the demand before they are served. State ex rel. Williams v. District Court, 187 Minn. 270, 245 N. W. 379.

■ The demand for a change of venue must be made within 20 days after the summons is served. § 9215. The 20th day after such service was made upon Johnson was September 5, 1932. That was Labor Day and a legal holiday. Under G. S. 1923 (2 Mason, 1927) § 10933(21), the time within which an act is required or permitted to be done is extended so as to include the first business day thereafter when the original time therefor falls on a Sunday or a holiday. This statute applies, and the demand was seasonably made.

Writ discharged.