EINAR TRANDUM v. O. E. TRANDUM.
INDIANA LIBERTY MUTUAL INSURANCE COMPANY, GARNISHEE.[1]

November 18, 1932.

No. 29,077.

[1] Reported in 245 N. W. 380.

*L. S. Miller,* for appellant.

*A. A. Trost,* for respondent.

LORING, J.

This was an appeal from a judgment in favor of the plaintiff and against the garnishee. The plaintiff had recovered a judgment against the defendant for injuries received by him while in the employ of the defendant on a farm in Polk county. During plaintiff's employment the defendant was insured with the garnishee by a policy which agreed

"to indemnify this employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employes as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada."

The policy also contained this provision:

"It is hereby understood and agreed that the company's liability under agreement one (b) and/or three of the policy for injuries to or the death of employes who have not accepted the Workmen's Compensation Act is limited to $5,000 for each employe."

In regard to employes under the first quoted paragraph it also provided:

"No action shall lie against the company to recover upon any claim or for any loss under paragraph one (b) foregoing unless brought after the amount of such claim or loss shall have been fixed and rendered certain * * * by a final judgment against this employer after trial * * *."

A part of the paragraph one (b) referred to provides:

"If, because of such bankruptcy or insolvency, an execution against this employer is returned unsatisfied in an action brought by the injured, or by another person claiming by, through, or under

the injured, then an action may be maintained by the injured, or by such other person claiming by, through, or under the injured, against the company under the terms of this policy for the amount of the judgment in said action not exceeding the amount of this policy."

When notified of the accident the company caused it to be investigated and then served upon the defendant a notice of disclaimer, setting up, first, that the loss reported is not covered by the contract of insurance; second, that the assured had failed to provide tools, machinery, and implements, safeguarded as required by the statutes in the state of Minnesota; and, third, that the assured had failed to comply with the terms of the Minnesota workmen's compensation law. After serving such notice of disclaimer, the garnishee took full charge of the defense, and the defendant rendered "real and genuine assistance" in the defense of the main action as well as in the garnishment proceedings. The main action resulted in a judgment against the defendant for the sum of $4,606.96. Judgment was entered in Marshall county, execution thereon issued and returned unsatisfied. A transcript of the judgment was then filed and docketed in Polk county, in which the defendant resided and had his property, and an execution was there again returned unsatisfied. The trial court found that the defendant was in fact financially unable to meet the judgment or any part thereof and that no property could be found upon which to levy with any hope of accomplishing results. These garnishment proceedings were then brought and resulted in the judgment appealed from.

The garnishee did not make out a defense upon any one of the three grounds which it had set forth in its notice of disclaimer of liability, but set up as its principal defense that its policy is one of indemnity and not of liability and that the defendant, not having paid the judgment, the plaintiff has no case against it as a garnishee. The language of the policy here involved is much like that of the insurance clause in the policy involved in the case of Oehme v. Johnson, 181 Minn. 138, 140, 231 N. W. 817, 818, which insured against

"loss from liability imposed by law upon the assured for damages as a result of the ownership, maintenance or use of such automobile." The policy in that case also provided that the company would investigate and defend the suit and reserved the right of settlement thereof. This court said [181 Minn. 140]:

"The policy is a liability policy as distinguished from what is sometimes termed an indemnity policy. An obligation to pay follows though the insured has not himself paid the loss in money."

In the case at bar the conditions of the "no action" clause have been fulfilled, and final judgment against the defendant has been entered. By inference at least an action against the company is authorized in favor of the employer by the policy as soon as final judgment has been entered. The rule of construction as applied to contracts of insurance is well established. They are to be construed strictly as against the insurer and liberally as to the insured, and any ambiguity as to meaning must be resolved in favor of the insured. Peterson v. Maloney, 181 Minn. 437, 440, 232 N. W. 790. This rule of construction is also extended to a party injured who seeks recovery under the policy; but here plaintiff is seeking to enforce defendant's rights by garnishment. Obviously, the contract should be construed as if defendant himself were endeavoring to enforce it.

It appears to be conceded by both parties that the crucial point in this case is whether the policy is one of liability or one of indemnity; and, construed in the light of the cases hereinbefore cited, it is unquestionably a liability policy, and a liability to pay follows notwithstanding the insured has not himself paid the judgment against him. Even if the construction were otherwise, the court's finding on the inability to pay or of the sheriff to satisfy the execution is practically a finding of insolvency, and under the terms of the policy would establish a cause of action against the insured in favor of the plaintiff. Whether enforceable in garnishment proceedings we need not here decide.

We are of the opinion that the learned trial court was correct in his views of the case, and the judgment is affirmed.