## STATE EX REL. AETNA LIFE INSURANCE COMPANY v. JANESVILLE STATE BANK AND ANOTHER.[1]

November 22, 1935.

No. 30,771.

O'Brien, Horn & Stringer, for relator.

Gallagher, Madden & Gallagher, for respondents.

LORING, JUSTICE.

This is an application for a peremptory writ of mandamus to compel the transfer of the case entitled Janesville State Bank, a

[1] Reported in 263 N. W. 460.

corporation, Plaintiff, v. Aetna Life Insurance Company, a corporation, Defendant, from the district court of the county of Waseca, where it was commenced, to the county of Ramsey, the demand for which was served and filed before the time for answering expired. At the time of the hearing on the motion for an order to transfer the files hereinafter referred to, there was filed an answer entitled in Ramsey county with the statement in parenthesis that the cause had been removed to that county from Waseca county by demand for change of venue.

The summons was served upon one Frank J. Conway, who, the plaintiff asserts, is an agent of the defendant upon whom service might be made. The action was one to recover upon a purported assignment of a life insurance policy upon the life of Emil L. Hofmann, who died July 14, 1934.

The demand for change of venue was based upon an affidavit which asserted:

"That the defendant, a corporation duly organized and existing under the laws of the State of Connecticut, had at the time of the purported service of summons and now has an office, resident agent and business place in the County of Ramsey and State of Minnesota, in which County the defendant now resides and at such time did reside. That the defendant did not have at the time of the alleged service of summons and does not now have any 'office, resident agent or business place' within the County of Waseca, State of Minnesota, within the meaning of Section 9214 of Mason's General Statutes of Minnesota."

The plaintiff filed objections to the change of venue accompanied by affidavits which sought to controvert the affidavit and demand for change of venue. The defendant moved the district court of Waseca county for an order requiring the clerk of that county to transfer the files to Ramsey county. The court denied the motion and refused to order the transfer of the files.

It is the contention of the insurance company that the service and filing of the affidavit and demand for change of venue automatically transferred the venue to Ramsey county and made it mandatory

upon the clerk of court in Waseca county to transmit the files; that the action cannot be retained in the county in which the venue was originally laid for the purpose of traversing the allegations in the affidavit as to the defendant's residence or otherwise; that if the plaintiff wishes to challenge the truth of the affidavit upon which the demand is based its remedy is to move the court in the county to which the venue is changed by the demand for an order remanding the case, on the ground that the defendant is a resident of the county in which the action was originally brought.

In State ex rel. Twin City & Southern Bus Co. v. District Court, 178 Minn. 72, 225 N. W. 915, it was held that 2 Mason Minn. St. 1927, § 9214, must be so construed as to accord the same treatment to a foreign corporation in the matter of change of venue as is accorded a domestic corporation. We are of the opinion that had a domestic corporation filed a demand and affidavit such as were filed in this case it would have automatically operated to change the venue from Waseca county to Ramsey county, and that if plaintiff sought to traverse the allegations in regard to residence it must do so upon motion to remand made in Ramsey county. State ex rel. Minneapolis T. M. Co. v. District Court, 77 Minn. 302, 79 N. W. 960. Plaintiff contends that the filing of an answer when there was no other service upon the defendant than that upon Frank J. Conway is an admission that he is the agent of the defendant to receive service. We do not so regard it. If it amounted to an admission at all it would be for the consideration of the court in Ramsey county, but we do not regard it as an admission. The defendant might have appeared without any service upon it whatever. We do not regard the federal cases which discuss the right of removal under the federal statutes as throwing much light upon our change of venue statute as construed by this court.

Let a peremptory writ issue changing the venue from Waseca county to Ramsey county.