STATE EX REL. McCLELLAN PAPER COMPANY v. DISTRICT COURT OF HENNEPIN COUNTY AND ANOTHER.[1]

May 7, 1937.

No. 31,351.

[1]Reported in 273 N. W. 88.

*M. E. Culhane*, for relator.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly*, for respondents.

PER CURIAM.

In a transitory action brought by a domestic corporation in the district court of Ramsey county against relator, also a domestic corporation, the latter, before the expiration of 20 days, duly served and filed with the clerk of the district court a demand for change of venue, supported by affidavit of residence, to Hennepin county. The affidavit, the only subject of attack, stated that relator's principal place of business and general office was in Minneapolis, Hennepin county, when the action was begun; that it was and is a resident of the county of Hennepin; that all of its books and records are in Minneapolis in its general office and its principal place of business is in Minneapolis; and "that none of its records as original entries are kept within the county of Ramsey and state of Minnesota." The clerk of the district court, deeming the demand sufficient, transmitted the files to the clerk of the district court of Hennepin county. Thereupon the plaintiff in the action moved the district court of Hennepin county before Judge Vince A. Day to remand the case to Ramsey county on the ground that the demand for a change of venue and the affidavit supporting the demand were improper. There was no traverse of the affidavit and no showing that relator had an office, or a resident agent, or a place of business in Ramsey county when the action was begun. The motion to remand was granted, and, upon relator's petition, this court issued an order to show cause why a peremptory writ of *mandamus* should not issue commanding the district court of Hennepin county, and Judge Day thereof, to retain the action for trial in that county.

2 Mason Minn. St. 1927, § 9214, provides that a domestic corporation may, in a transitory action, be sued in any county where it

has an office, resident agent, or a place of business. The following § 9215 provides for a change of venue where the defendant resides in another county than the one in which the suit was brought. Since a corporation may have its residence in more than one county, within the purview of § 9214, it would be commendable practice in the affidavit supporting a change of venue under § 9215 to negative residence in the county where suit was brought. But as early as in State ex rel. Minneapolis Threshing-Machine Co. v. District Court, 77 Minn. 302, 79 N. W. 960, an affidavit in essentially the same form as in the instant case was held sufficient. And so it was in State ex rel. Ballord-Trimble Lbr. Co. v. District Court, 120 Minn. 99, 139 N. W. 135. It is true, the attack in the last named case was directed to the use of the word "home" instead of the word "residence" in the affidavit. Respondents claim that there has been some change in the change of venue statutes. But §§ 9214 and 9215 have been closely connected in G. S. 1894 (§§ 5185 and 5190), and in the Revision of 1905 (§§ 4095 and 4096), in substantially the same form as bearing upon a corporation's residence and the affidavit for change of venue. So the two cited cases should serve as precedents not lightly to be discarded. By serving and filing the demand and affidavit the action was *ipso facto* transferred to Hennepin county, and it could not be remanded unless the district court of that county determined that the affidavit was false or the files disclosed on their face the demand and supporting affidavit to be nullities. But in the motion and on the hearing there was no traverse of the affidavit and no suggestion that relator had any office, resident agent, or place of business in Ramsey county when the suit was begun. Here, again, it may be suggested that on a motion to remand the movant should make it appear that the defendant had a residence, under the purview of § 9214, in the county where venue was laid. The face of the record in this matter, in view of the two decisions referred to, does not disclose that defendant was not entitled as a matter of right to a change of venue to Hennepin county, so as to make Peterson v. Carlson, 127 Minn. 324, 149 N. W. 536, applicable. The subject before us is treated in 6 Dunnell, Minn. Dig. (2 ed.) § 10122.

We are of the opinion that no adequate showing was made that relator, when the action was begun, had a residence in Ramsey county. It did have one in Hennepin county.

Let the writ issue as prayed.

