## WILLIAM PAVEK AND ANOTHER v. CESKA FARMARSKA VZAJEMNE POJISTUJICI SPOLECNOST.[1]

February 28, 1938.

No. 31,710.

*John A. Burns* and *E. E. Komarek,* for relator.
*Arthur J. Phil Jelinek,* for respondent.

PER CURIAM.

Relator applies for a peremptory writ of *mandamus* requiring the district court of Rice county, and the clerk thereof, to transfer the files in an action brought by William Pavek, plaintiff, against Ceska Farmarska Vzajemne Pojistujici Spolecnost, defendant. The action was entitled and commenced in the district court of Rice county. Within the required time defendant served and filed a demand for change of venue supported by an affidavit of defendant's counsel reciting: "that at the time of the commencement of this action and at all times since the commencement of said action, the above named defendant was and still is an actual resident of

[1]Reported in 278 N. W. 367.

LeSueur county, Minnesota, and that defendant's principal place of business is in the city of New Prague, LeSueur county, state of Minnesota."

The clerk of the district court of Rice county refused to transfer the files to LeSueur county. Thereafter the district court of the fifth judicial district, in which Rice county is located, issued its order restraining the clerk from transferring the files and requiring the defendant to show cause as to why the action should not be tried in Rice county. Before further action on the order to show cause was had this proceeding was instituted.

This court has previously held that when a defendant complies with the statute as to a change of venue the place of trial of the action is *ipso facto* changed, and he is entitled to have the papers and files in the action transferred to the district court of the county of his residence. If the plaintiff desires to traverse the affidavit as to defendant's residence it must be done by motion to remand made in the county to which the venue has been changed. State ex rel. Minneapolis Threshing-Machine Co. v. District Court, 77 Minn. 302, 79 N. W. 960; State ex rel. Aetna L. Ins. Co. v. Janesville State Bank, 195 Minn. 504, 263 N. W. 460; State ex rel. McClellan Paper Co. v. District Court, 199 Minn. 607, 273 N. W. 88.

In view of what has been said by the court in the cases referred to, we deem further discussion unnecessary. They are controlling.

Let the writ issue as prayed.