STEPHEN SINGER, TRUSTEE IN BANKRUPTCY OF GOODRIDGE FARMERS ELEVATOR & MILLING COMPANY, v. A. B. MANDT AND OTHERS. BENSON-QUINN COMPANY, RESPONDENT.[1]

September 5, 1941.

No. 33,015.

[1]Reported in 299 N. W. 897.

*Theodore Quale,* for relator Stephen Singer.

*H. O. Berve,* for relators A. B. Mandt and Martin Johnson.

*W. O. Braggans, Paul A. Lundgren, Herbert F. Horner,* and *Gilbert G. Giebink,* for respondent.

PER CURIAM.

Relators petition this court for a peremptory writ of *mandamus* directing the Honorable Oscar R. Knutson, judge of the district court of Pennington county, to vacate the order changing the venue of an action brought in said court by relator Singer as plaintiff against defendants, respondent Benson-Quinn Company and relators Mandt and Johnson, to the district court of Hennepin county.

It appears from the complaint attached to the summons in relator Singer's suit that he is the duly appointed and qualified trustee in bankruptcy of the Goodridge Farmers Elevator & Milling Company, and sues the respondent and relators Mandt and Johnson for the wrongful conversion of the property of the bankrupt, alleging its value to be $18,158.85, for which judgment is demanded against "defendant." Relator-plaintiff and relators-defendant are residents of Pennington county and were such when sued. Respondent is a corporation of this state having its principal place of business and office in Minneapolis, Hennepin county. Within 20 days from the service of summons upon respondent, it served upon plaintiff's attorney a written demand of change of venue to Hennepin county, supported by affidavit of residence or

principal place of business there, and filed proof of service thereof in the office of the clerk of the district court of Pennington county. The relators Mandt and Johnson answered separately, and the plaintiff-relator replied thereto. The separate answer of respondent and reply thereto were also served. After issue had been thus joined and the clerk of the district court of Pennington county had refused to transmit the files in the action to Hennepin county as demanded by respondent, Honorable Oscar R. Knutson, judge of the district court of Pennington county, on respondent's application, issued an order for the plaintiff, relator Singer, to show cause why an order changing the place of trial from the district court of Pennington county to that of Hennepin county should not be made, on the ground that relators Mandt and Johnson were named defendants for the sole purpose of retaining the venue in the county of Pennington. This order to show cause was directed solely to the relator-plaintiff and his attorney and was not served upon either of defendants Mandt or Johnson or their attorney. It appears that the latter had verbal notice, on the day of hearing, from respondent's attorney, and also that Judge Knutson, on the same day, informed the attorney by telephone that the order to show cause was then for hearing, but the attorney for Mandt and Johnson said he was not interested in the matter. The court, against plaintiff's protest, entertained the order to show cause and ordered the venue changed to Hennepin county.

From the memorandum of the court it is to be inferred that it was considered that relators Mandt and Johnson were made defendants for the sole purpose of retaining the venue in Pennington county.

When the order to show cause issued, the defendants Mandt and Johnson had appeared and each had interposed an answer. That being the situation, they were entitled to written notice of any motion or order to show cause in the action. It is admitted by the answer of respondent to the relators' petition in this court that there was no service of the order to show cause upon Mandt or Johnson or upon their attorney, who had answered for them.

Mason St. 1927, § 9239, provides that after a defendant in an action answers, demurs, or gives written notice of appearance "he shall be entitled to notice of all subsequent proceedings therein." This, of course, means a written notice, and not a telephone communication or a verbal notice. 5 Dunnell, Dig. § 7235a. But it is the contention of respondent that it appears from the face of the complaint that defendants Mandt and Johnson were made parties only for the purpose of preventing respondent from obtaining a change of venue; hence they may be ignored, and State ex rel. Child v. District Court, 85 Minn. 283, 88 N. W. 755, is cited to support the claim. It is to be noted that no question of want of notice of motion for a change of venue was there involved. The action was brought in Chippewa county by the plaintiff, a resident there, to vacate a judgment obtained in Hennepin county, owned by defendant Child, and by him docketed in Chippewa county, where the judgment debtor owned land, which had been levied on by the sheriff of Chippewa county under an execution issued upon said judgment; and to enjoin the said sheriff from making a sale thereof. Child made and filed an affidavit of residence in Hennepin county and demanded a change of venue within proper time. The chief claim urged against change of venue was that the action was local, involving an interest or estate in land. This court held the action to be transitory, and that the demand for a change of venue was valid, that the sheriff, though a party to the suit, had no interest therein so as to have any voice in the venue. All the other defendants were either nonresidents of the state or residents of Hennepin county.

It seems to us that where, as here, there are three defendants, a demand for change of venue under § 9215 must be joined in by a majority, or it does not *ipso facto* effect a change. It furnishes a basis for a motion under § 9216. Of course, there can be no change of venue in a transitory action on behalf of any defendant unless a demand is made as provided in § 9215. Section 9216 provides for a change by order of court, and that can only be made

on proper notice to all parties to the suit. No legal notice was given defendants Mandt or Johnson or their attorney, and we consider the court erred in entertaining the motion without such notice. Scott v. Miller Liquor Co. 122 Minn. 377, 142 N. W. 817. And in State ex rel. Clark v. Quinn, 132 Minn. 219, 220, 156 N. W. 284, 285, the court said:

"Whether the city was made a defendant for the purpose of preventing a change of venue was a question of fact. * * * It is true that the complaint was probably demurrable * * *. The fact that for this reason the complaint stated no cause of action against the city is by no means conclusive that there was bad faith in making the city a party."

It is plain that the court and not the clerk of the district court was to determine as a fact whether or not the relators Mandt and Johnson were made defendants for the sole purpose of preventing a change of venue. And all the defendants who had answered were entitled to legal notice of the application to change the venue.

As supporting the position here taken, we cite State ex rel. Hanson v. District Court, 152 Minn. 540, 188 N. W. 161; W. B. Foshay Co. v. Mercantile Trust Co. 166 Minn. 442, 208 N. W. 203; State ex rel. Williams v. District Court, 187 Minn. 270, 245 N. W. 379; State ex rel. Johnson v. District Court, 187 Minn. 287, 288, 245 N. W. 431. In the last named case it is said: "The statute is definite; and when there is more than one defendant the venue can be changed only by demand in which the majority unite."

The order of the court is reversed, and the clerk of the district court of Hennepin county is directed to return the files herein to the clerk of the district court of Pennington county.