PETER A. DWORSKY v. ERVIN HERBST AND ANOTHER, INDIVIDUALLY AND d.b.a. HERBST CONSTRUCTION COMPANY.

95 N. W. (2d) 19.

February 6, 1959—No. 37,717.

*Burns & Burns* and *Wayne G. Popham,* for relators.

*Sachs, Karlins, Grossman & Karlins* and *Richard F. Sachs,* for respondent.

KNUTSON, JUSTICE.

This is a petition for a peremptory writ of mandamus to compel the court below to grant a change of venue.

This action was brought in Hennepin County by plaintiff to recover unpaid rent alleged to be due from defendants under a written lease covering certain premises in Anoka County. The summons and complaint were served on Ervin Herbst on September 5, 1957. On September 17, the defendants made a demand under M. S. A. 542.10 for a change of venue to Benton County. The demand was accompanied by an affidavit of defendants' attorney in which he stated:

"* * * That defendant Ervin Herbst was on September 5, 1957, at the time of the service of the Summons and Complaint, and still is a resident of the County of Ramsey, State of Minnesota. That defendant Ernest Herbst was on September 5, 1957, and still is an actual resident of the County of Benton, State of Minnesota, and that no service has been made on said defendant."

On September 21, 1957, Ervin Herbst interposed a separate answer and counterclaim. On September 24, plaintiff filed an objection to the change of venue on the ground—

"* * * that said demand requires a change to a county in which none of the present parties in this action reside. Said Ernest Herbst, who was named as a defendant in the complaint, resides in Benton County, is not a party to this action as he has not been served with process nor has an answer been made in his behalf, nor has he made any other appearance in this action."

The objections were accompanied by an affidavit of plaintiff's attorney in which he also stated:

"* * * That no service was ever made on the defendant, Ernest

Herbst. * * * That the defendant, Ernest Herbst, who was not served with process, had made no answer to plaintiff's complaint and has not appeared in this action and is not now a party to this action."

On October 8, 1957, defendant Ernest Herbst, apparently believing that there was some question as to whether he had joined in the original demand for a change of venue, filed a separate demand in which he expressly joined with Ervin Herbst and Herbst Construction Company in demanding that the venue be changed to Benton County. In the affidavit of his attorney accompanying this demand, he again stated:

"* * * That the defendant Ernest Herbst was on September 5, 1957, at the time of service of summons and complaint on Ervin Herbst, and still is a resident of the County of Benton, State of Minnesota."

At that time Ernest Herbst had not yet been served with summons.

The clerk of court refused to transfer the case to Benton County. It was placed on the calendar for trial in Hennepin County. On October 22, Ervin Herbst moved the court to strike the case from the calendar and to change the place of trial to Benton County. This motion was denied by the trial court on December 3. Some other maneuvering occurred subsequent thereto which is of no importance in determining the issue now before us.

The question presented here is: What are the rights of a defendant named in a summons and complaint but not yet served with summons to join with a defendant who has been served in a demand for a change of venue under § 542.10?

The applicable statutes are § 542.01, which reads:

"Except as provided in section 542.02, every civil action shall be tried in the county in which it was begun, unless the place of trial be changed as hereinafter prescribed; and when so changed all subsequent papers in the action shall be entitled and filed in the county to which such transfer has been made,"

§ 542.09, which as far as material reads:

"All actions not enumerated in sections 542.02 to 542.08 and

section 542.095[1] shall be tried in a county in which one or more of the defendants reside when the action is begun \* \* \*,"

and § 542.10, which reads:

"If the county designated in the complaint is not the proper county, the action may notwithstanding be tried therein unless, within 20 days after the summons is served, the defendant demands in writing that it be tried in the proper county. This demand shall be accompanied by the affidavit of the defendant, or his agent or attorney, setting forth the county of his residence at the time of the commencement of the action. This demand and affidavit, with proof of service thereof upon the plaintiff's attorney, shall be filed with the clerk in the county where the action was begun within 30 days from the date of its service and thereupon the place of trial shall be changed to the county where the defendant resides without any other proceedings. If there are several defendants residing in different counties, the trial shall be had in the county upon which a majority of them unite in demanding or, if the numbers be equal, in that whose county-seat is nearest. When the place of trial is changed all other proceedings shall be had in the county to which the change is made, unless otherwise provided by consent of parties filed with the clerk or by order of the court and the papers shall be transferred and filed accordingly. When a demand for a change of the place of trial is made as herein provided the action shall not for any of the reasons specified in section 542.11 be retained for trial in the county where begun, but can be tried therein only upon removal thereto from the proper county in the cases provided by law."

The trial court, as well as plaintiff here, relied upon Cory Corporation v. Fitzgerald, 335 Ill. App. 579, 82 N. E. (2d) 485. The procedural aspects of the statute involved in that case are entirely different from ours. The Illinois statute under consideration there (Ill. Rev. Stat. 1957, c. 146, § 9) required an application to the court for a change of venue. The application in the Cory case was made on the ground that the trial court was prejudiced. The statute provided, among other things:

---

[1]None of which are involved here.

"When there are two or more plaintiffs or defendants, a change of venue shall not be granted unless the application is made by or with the consent of at least three-fourths of the parties, plaintiff or defendant, as the case may be."

In holding that the defendants who had not been served with a summons should not be counted in determining whether there were three-fourths joining in the application, the court said (335 Ill. App. 585, 82 N. E. [2d] 487):

"It is our considered opinion that in determining what constitutes three-fourths of the defendants for the purpose of satisfying the statutory requirement that application for change of venue must be made by or with the consent of three-fourths of the defendants, only those defendants need be considered who have been served with summons, or, not having been served, made an appearance. * * * We therefore hold that a person who had been named as a defendant but who had never been served with summons nor entered an appearance was not a defendant whose consent was necessary under the statute."

The Illinois court did not decide what is meant by the words "or, not having been served, made an appearance." The general rule is that an appearance for any other purpose than to question the jurisdiction of the court is a general appearance.[2] We have held that a demand for a change of venue is a general appearance.[3]

Under § 542.10 no application to the trial court is required. When a proper demand and affidavit, sufficient under the statute, are filed, the venue is ipso facto changed to the county covered by the demand.

In State ex rel. Minneapolis Threshing-Machine Co. v. District Court, 77 Minn. 302, 306, 79 N. W. 960, 961, we said:

"The meaning of this statute is plain. If a defendant complies with its provisions, he has an absolute right to have the venue changed to the county of his alleged residence. The action cannot be retained in

---

[2] 1 Dunnell, Dig. (3 ed.) § 479.

[3] Zell v. Friend-Crosby & Co. 160 Minn. 181, 199 N. W. 928; State ex rel. Northwestern Nat. Bank v. District Court, 192 Minn. 602, 258 N. W. 7; 1 Dunnell, Dig. (3 ed.) § 479, note 34.

the county in which the venue was originally laid, for the purpose of traversing the allegations of the affidavit as to defendant's residence, or for the hearing of a motion to retain the case for the convenience of witnesses. If the plaintiff wishes to challenge the truth of the affidavit as to the defendant's residence, his remedy is to move the court in the county to which the venue is changed by the demand and affidavit to remand the case on the ground that the defendant is in fact a resident of the county in which the action was originally brought. If a defendant complies with this statute, and makes the demand and affidavit, and files them, with proof of service thereof, in the office of clerk of the court, the place of trial is ipso facto changed, and the defendant has an absolute right to have the papers and files transferred to the district court of the proper county."[4]

The Illinois statute does not have the absolute limitation on the time within which a defendant must act such as we have in ours. Under § 542.10 a defendant must decide within 20 days after service of summons upon him what action he wishes to take. If he permits that time to expire, it is then too late for him to act. If he must choose a county and then take the chance that plaintiff will serve on other defendants who may then join in his demand, he may lose the opportunity to have the venue changed to the county in which he lives if plaintiff decides not to proceed against such other defendants. This leaves him at the mercy of plaintiff. Where there are two defendants, as here, he cannot demand to have the venue changed to the county of his residence unless we hold that the unserved defendants need not be counted at all until served, because he does not have a majority.[5] Clearly, if he makes a demand for a change of venue to the county in which he lives and plaintiff thereafter serves other defendants so that he does not constitute a majority of the defendants, his demand is ineffective. It may then be

---

[4]See, also, Flowers v. Bartlett, 66 Minn. 213, 68 N. W. 976; State ex rel. Aetna Life Ins. Co. v. Janesville State Bank, 195 Minn. 504, 263 N. W. 460; State ex rel. McClellan Paper Co. v. District Court, 199 Minn. 607, 273 N. W. 88; Pavek v. Ceska Farmarska Vzajemne Pojistujici Spolecnost, 202 Minn. 304, 278 N. W. 367.

[5]State ex rel. Johnson v. District Court, 187 Minn. 287, 245 N. W. 431.

too late to join with such other defendants in demanding a change of venue to the county of their residence. It is only by counting the unserved defendants and permitting them to join with the served defendant that the results contemplated by our statute can be accomplished.

Here the demand and affidavit are sufficient to comply with the statutory requirements if a defendant who has not yet been served with a summons may join with one who has been so served. Our prior decisions hold that he may do so.

In Grimes v. Ericson, 92 Minn. 164, 99 N. W. 621, there were five defendants. Child and Kohler were residents of Hennepin County; Ericson was a resident of Kandiyohi County; Gahl of Freeborn; and Hosmer was a resident of Massachusetts. Ericson of Kandiyohi, Child of Hennepin, and Hosmer of Massachusetts served a joint demand for a change of venue to Kandiyohi County before the time for answering had expired as to them. At the time this demand was served, Gahl had not been served with the summons. The day after the demand was made it was learned that Hosmer, who lived in Massachusetts, had died before the action was commenced. On motion of plaintiff, his name was stricken from the summons and complaint, and that left the demand without a majority of the defendants named. The trial court thereupon restrained the clerk from transmitting the file to Kandiyohi County. After the time had elapsed for Ericson and Child to make a demand for a change of venue, Gahl, who apparently had then been served, joined in the demand for the change to Kandiyohi County. We held that this was a good demand. It seems that we, at least inferentially, recognized the right of a named defendant who had not yet been served with a summons to join with those who had. We said (92 Minn. 166, 99 N. W. 622):

"The plaintiff contends that the majority of the defendants must, in order to secure a change of venue under this statute, serve a demand, in which all must unite, before the time for answering has expired as to the defendant to whose county it is sought to change the venue. If this be the correct construction of the statute, then a plaintiff desiring to defeat the defendants' statutory right to a change of venue can do so by serving the summons on one defendant; then, after his time for

answering has expired, serves it on another defendant; and so on until all of the defendants have been served. In such a case it would be improbable that the defendants not served would voluntarily appear and join in the demand of the defendant served before his time for answering expired.[6] The practical result of the plaintiff's construction would be that the right of a majority of the defendants to unite and secure a change of venue would be in the keeping of the plaintiff. It is the policy of the law, as evidenced by the statute, that transitory actions shall be brought and tried in the county where the defendant resides, or, in case of several defendants residing in different counties, in the county to which they unite in demanding the venue to be changed. *The statute is a remedial one, and must be fairly and liberally construed, so as to effectuate the purpose of its enactment.* It is not an unreasonable construction of the statute to hold, as we do, that where, in an action, there are several defendants, residing in different counties, a majority of such defendants may secure the change of venue authorized by the statute by making the proper affidavit, and serving a joint demand therefor, before the time for answering has expired as to any of them, or by each of them making such affidavit and serving a demand for the same change at any time before his time for answering expires." (Italics supplied.)

In State ex rel. Hanson v. District Court, 152 Minn. 540, 188 N. W. 161, originally there were 11 defendants, 4 residing in Cottonwood County, 3 in Hennepin County, 1 in Ramsey County, and 3 in Iowa. We held that the Iowa defendants could not be counted in determining a majority, which left 8 to be counted, 5 of whom would constitute a majority. The 4 in Cottonwood County made a demand for a change of venue to that county. One of the defendants who lived in Hennepin County joined in that demand. At that time the 4 from Cottonwood County had been served with summons, but the one who lived in Hennepin County had not. It does not appear whether he later was served, but in holding the demand good we said (152 Minn. 541, 188 N. W. 161):

"* * * It does appear, however, that Murphy united in the demand

---

[6]That is exactly what was done in the case now before us.

before he was served with summons. We think he could so do and his demand was effective. *When proof of this demand was filed the change was accomplished.* \* \* \* We hold that the filing of the proof of the proper demand by a majority of the resident defendants *ipso facto removed the cause to Cottonwood county.*" (Italics supplied.)

In State ex rel. Williams v. District Court, 187 Minn. 270, 245 N. W. 379, the action was brought in Douglas County against one Herbert and Lyle Culvert & Pipe Company, a corporation. Herbert resided in Douglas County. The corporation had its principal place of business in Minneapolis. The summons was served on Herbert on July 27 and on the corporation on August 19. Herbert answered and, after 20 days had expired from the service of the summons, joined with the corporation in demanding a change of venue to Hennepin County. We held that his right to do so had expired. In doing so, we said (187 Minn. 271, 245 N. W. 380):

"\* \* \* The statute is specific upon the point that such demand must be made within 20 days of the service. \* \* \*

\* \* \* \* \*

"*A defendant may also join in the demand before he is served with the summons.* State ex rel. Hanson v. District Court, 152 Minn. 540, 541, 188 N. W. 161. *Herbert either might have got the company to join with him in a demand for change of venue before it was served with summons,* or he might have filed a demand for change of venue, which would have been wholly ineffective until subsequently joined in by the company; but his attempt to join with the company after the 20 days had expired from the time of the service of the summons upon him was wholly ineffective under the statute." (Italics supplied.)

In State ex rel. Johnson v. District Court, 187 Minn. 287, 290, 245 N. W. 431, 432, where we held that one of two defendants could not make the demand alone, we said:

"\* \* \* it is not imperative that they make their demand at the same time or that they join in the demand before they are served."

We there recognized, inferentially at least, the right of a defendant to join before he is served.

In enacting this statute the legislature obviously intended to give defendants a measure of control over the place of trial.

It seems clear that under our statute a named defendant who has not yet been served with summons may join with a defendant who has been served in a demand for a change of venue and that, upon filing proof of such demand in accordance with the statute, the venue is ipso facto changed. It is only fair that it should be so. Plaintiff makes the decision as to whom he will sue. He should be bound by that decision. It must be assumed, until it appears to the contrary, that plaintiff intends to proceed against those whom he has named as defendants. If he wishes to abandon the case as to some defendants, he may dismiss and thereafter move the court of the county to which the venue has been changed to have it remanded. Upon that hearing the court can decide whether the case should be remanded to the county where it was commenced or to the county in which a remaining defendant resides or in which a majority of the remaining defendants wish to have it tried. Any other rule under our statute would lead to nothing but chaos. Either the unserved defendants should be counted for all purposes or they should not be counted at all. If they are not counted at all until served, the venue conceivably could be changed several times where there are multiple defendants. Suppose, for instance, there were seven defendants. When the first was served, if the others are not then to be counted, he could immediately demand a change to the county of his residence. When the next two defendants were served, they would then constitute a majority and could unite in making a demand for a change of venue to the county in which one of them might reside. When the last four were served, they in turn would constitute a majority and could then make still another demand. To avoid such a result, it is necessary to count all named defendants, whether served or not, in determining what constitutes a majority.

There is still another reason for so holding. In many cases the clerk of court, upon whom rests the ministerial duty of transferring the case, has no way of knowing which defendants have been served at the time the demand for a change of venue is filed with him. By counting all the named defendants he can easily determine whether the demand includes a majority. If he is required to ascertain, at his peril, which defendants

have been served and to count only those served, it will place upon him a task which sometimes will be quite impossible to perform. The simple and only practical solution under a statute such as ours is to permit the clerk to count all the named defendants in the summons and then determine whether the demand includes a majority thereof, whether they have been served or not, and, if it does, his duty is simply that of transferring the case to the county covered by the demand.

If one or more defendants claim that plaintiff has joined nominal defendants in order to prevent them from acquiring a majority, they then have their recourse under § 542.11, which reads:

. "The venue of any civil action may be changed by order of the court in the following cases:

\* \* \* \* \*

"(2) When it is made to appear on motion that any party has been made a defendant for the purpose of preventing a change of venue under section 542.10; \* \* \*."

Until plaintiff has dismissed or the court has determined that some defendants have been joined only for the purpose of preventing a change under § 542.10, it cannot be assumed that plaintiff did not intend to proceed against them. In Scott v. Miller Liquor Co. 122 Minn. 377, 380, 142 N. W. 817, 818, we said:

"\* \* \* There is no suggestion that Paulson was joined as a defendant, in order to prevent a change of venue, or that he is only a nominal defendant. Nor was he in default. It was therefore not permissible to disregard him in determining whether a majority of the defendants demanded the change. That it has always been considered necessary that a majority of the defendants demand the change is apparent from the cases."

That is equally true here. Plaintiff sued defendants jointly as lessee under a written lease. There is no indication from the pleadings, or otherwise, that the defendant served was any more liable under the lease than was the one who was not served or that plaintiff did not intend to proceed against both.

If plaintiff claims that Ernest Herbst is not a resident of Benton

County, he must go into the court of that county to traverse the averment of residence contained in defendant's affidavit.[7] Until he does so, it must be assumed that the averment is true.

Neither is there any justification for accepting plaintiff's statement that service could not be obtained on Ernest. The affidavit submitted in connection with the demand for a change of venue shows that Ernest, at the time of the service of the summons and at the time of the service of the demand, was a resident of Benton County. The least that should be required of plaintiff is to show a sheriff's return of not found or some other proof that he cannot make service on Ernest after a reasonable effort to do so. There is no such proof here.

We therefore hold that, where plaintiff sues multiple defendants, each defendant may make a demand for a change of venue to a county in which one of the named defendants resides within 20 days after service upon him, and a majority of the defendants, either before or after service upon them, may join in such demand. Upon filing proof of service of such demand, the venue is ipso facto changed to the county specified therein. If plaintiff thereafter abandons the case as to unserved defendants, he may move the court in the county to which the venue is changed to remand it back to the county where it was commenced. In the hearing on such motion, the court may consider the rights of other defendants who have been served to have the venue changed to the county in which one of them resides or to the county in which a majority of the remaining defendants wish to have it tried. By so holding, we think that we carry out the intent of this statute and protect the rights of all parties thereunder.

Let the peremptory writ issue as prayed for.

---

[7]State ex rel. Minneapolis Threshing-Machine Co. v. District Court, 77 Minn. 302, 79 N. W. 960; State ex rel. Aetna Life Ins. Co. v. Janesville State Bank, 195 Minn. 504, 263 N. W. 460; State ex rel. McClellan Paper Co. v. District Court, 199 Minn. 607, 273 N. W. 88; Pavek v. Ceska Farmarska Vzajemne Pojistujici Spolecnost, 202 Minn. 304, 278 N. W. 367.