HANS F. OLSON vs. D. M. OSBORNE & CO.

June 8, 1883.

**Change of Venue—Foreign Corporation.**—Under Gen. St. 1866, c. 66, § 40, (corresponding to Gen. St. 1878, c. 66, § 49,) as amended by Laws 1877, c. 68, and by Laws 1878, c. 38, actions (of the kind in said section 40 mentioned) against a foreign corporation may be brought in any county designated by the plaintiff in his complaint.

This action was commenced in the district court for Freeborn county. Defendant, a corporation created and existing under the laws of New York, upon affidavits showing that for more than a year past it had had an office and general place of business in Hennepin county, and had no agent, agency or place of business in Freeborn county, moved for a change of venue to the former county. This motion having been denied by *Farmer*, J., the action proceeded to trial, and plaintiff

had a verdict.    Defendant appeals from an order refusing a new trial.

*Palmer & McAdam* and *Gordon E. Cole*, for appellant.

*Lovely & Morgan*, for respondent.

BERRY, J.   Gen. St. 1866, *c.* 66, § 40, (corresponding to Gen. St. 1878, *c.* 66, § 49,) was so amended by Laws 1877, *c.* 68, as to read, so far as here important, as follows: "In all other cases, except when the state of Minnesota is plaintiff, the action shall be tried in the county in which the defendants, or any of them, shall reside at the commencement of the action; or, if none of the parties shall reside or be found in the state, or the defendant be a foreign corporation, the same may be tried in any county which the plaintiff shall designate in his complaint, subject, however, to the power of the court to change the place of trial, in the cases provided by law:    *    *    * *provided*, that the place where any corporation existing under the laws of this state has its principal office and place of business, shall be held to be the place of the residence of such corporation, within the meaning of this act."

By Laws 1878, *c.* 38, the foregoing section was "amended by striking out" the proviso and "inserting in lieu thereof the following addition to said section: 'A corporation shall be deemed to reside in any county where it has an office, agent, or place of business, within the meaning of this section.'"    Before the amendment of 1878, it is clear that, under the section amended, actions against a foreign corporation might be well brought in any county designated by the plaintiff in his complaint.    The amendment does not, in our opinion, affect the privilege of designation thus accorded to a plaintiff.    It is expressly and explicitly allowed in the act of 1877, and, notwithstanding the amendment of 1878, it retains its place in the statute without the change of a letter.    If it had been the intention of the legislature to abrogate it, it seems to us that an intention so easy of expression would have been expressed directly and distinctly.    There can be no claim that the provision allowing the privilege is repealed, in whole or in part, except by implication, and repeals of that sort are not favored, but must distinctly appear.    The provision is a special one for special cases, and therefore, by a familiar canon of construction,

controls general words in which such cases might otherwise be embraced. .

We have endeavored to give due weight to the arguments urged with much force and ingenuity for a different construction of the statute, but, upon the best consideration which we have been able to give to the case, we are of opinion that the proper reading of so much of the section under examination (Gen. St. 1878, c. 66, § 49,) as is involved in this case, is that actions of the kind there mentioned shall be tried in the county where the defendants or any of them reside at the commencement of the action,—a domestic corporation being deemed to reside in any county where it has an office, agent, or place of business,—and that such actions against a foreign corporation may be brought in any county designated by the plaintiff in his complaint. Whether *quasi* and municipal corporations are to be regarded as domestic corporations, is a question not presented by this case.

Order affirmed.