WILLIAM EICKHOFF v. FIDELITY & CASUALTY COMPANY OF NEW YORK.

November 3, 1898.

Nos. 11,220—(51).

Action against Foreign Corporation—Venue.

A foreign insurance corporation, although it has complied with all the provisions and conditions of the statute as to its right to do business in this state, may be sued in any county in the state which the plaintiff designates in his complaint.

Malicious Civil Prosecution—Want of Probable Cause—Degree of Proof Required.

While the party injured may maintain an action for damages for the prosecution of a civil action without probable cause and maliciously, although there was no interference with his person or property, yet the want of probable cause must be very palpable. A greater latitude in the doctrine of reasonable cause must be exercised in such cases than would be permissible in an action for maliciously prosecuting a criminal case.

Same—Malice—Want of Probable Cause.

Malice may be inferred from proof of want of probable cause for

prosecuting the action, but want of probable cause cannot be inferred from proof of malice alone.

**Same—Review on Appeal.**

The question of probable cause will be reviewed on appeal as a legal conclusion, rather than as a mere question of fact.

**Same—Verdict not Sustained by Evidence.**

*Held,* that the evidence in this case does not sustain the verdict.

Action in the district court for Polk county to recover $2,000 for the alleged malicious prosecution of a civil action. The cause was tried before Ives, J., and a jury, and a verdict for $1,500 was returned in favor of plaintiff. From an order denying defendant's motion for a new trial, it appealed. Reversed,

*Van Fossen & Frost,* for appellant.

The proper venue was Hennepin county, where defendant had its place of business, and not Polk county. Defendant, a foreign corporation, having complied with all the requirements of the statutes of Minnesota, became entitled to all the rights of a domestic corporation, including the right to be sued only in the county where it has its office, agent or place of business. See Easley v. New Zealand (Idaho) 38 Pac. 405. For the purpose of reviewing the action of the trial court in determining the question of probable cause, this court will treat it as a question of law, and will examine the evidence bearing upon it as freely as if the question were before it originally. Burton v. St. Paul, M. & M. Ry. Co., 33 Minn. 189; Moore v. Northern Pac. R. Co., 37 Minn. 147; Boyd v. Mendenhall, 53 Minn. 274. The want of probable cause is to be determined, not upon the actual state of the case, but upon the reasonable belief of the party that instituted the proceedings complained of. Smith v. Munch, 65 Minn. 256; Lytton v. Baird, 95 Ind. 349; 2 Sutherland, Dam. § 707; Newell, Mal. Pros. 267; Good v. French, 115 Mass. 201; Woodworth v. Mills, 61 Wis. 44; Walker v. Camp, 63 Iowa, 627; Smith v. Austin, 49 Mich. 286. There may be probable cause without actual cause. Newell, Mal. Pros. 268; Pomeroy v. Villavossa, 31 Ill. App. 590; Collins v. Hayte, 50 Ill. 353; Smith v. Munch, supra. On the question of malice, see Bartlett v. Hawley, 38 Minn. 308.

*H. Steenerson,* for respondent.

G. S. 1894, § 5185, expressly provides that in actions against foreign corporations the trial shall take place in any county which plaintiff shall designate in his complaint. See Olson v. Osborne, 30 Minn. 444. It is everywhere held that malice may be inferred from want of probable cause. This rule is applicable to the malicious prosecution of civil actions. Kolka v. Jones, 6 N. D. 461. See also Severns v. Brainard, 61 Minn. 265.

START, C. J.

This is an action for malicious prosecution of a civil action against the plaintiff by the defendant. Verdict for the plaintiff in the sum of $1,500, and the defendant appealed from an order denying its motion for a new trial.

1. The action was commenced in the district court of Polk county, but was removed to Hennepin county on demand and affidavit on behalf of the defendant that the only county in the state wherein it had an officer or agent or place of business was the latter county. Thereupon the plaintiff made a motion that the action be returned to the district court of the county of Polk, on the ground that it had been improperly removed. The court made its order so remanding it. At the commencement of the trial herein the defendant objected to proceeding to trial in Polk county, and moved the court to remand the case to Hennepin county. The objection and motion were overruled. These rulings are assigned as error.

The defendant is a foreign insurance corporation, and before the commencement of this action had duly filed a power of attorney authorizing service of process to be made upon the insurance commissioner of the state as personal service upon it, and had received his official certificate authorizing it to do business as an insurance company within the state. Therefore the defendant claims that by virtue of the statute it is entitled to all the rights and privileges of a domestic corporation, which can be sued only in a county where it has an office, agent or place for the transaction of business.

The provisions of the statute relating to this question, so far as here material, are in legal effect the following: A foreign corporation may be sued in any county in the state which the plaintiff shall

designate in his complaint. G. S. 1894, § 5185 (G. S. 1878, c. 66, § 49); Olson v. Osborne, 30 Minn. 444, 15 N. W. 876. When a foreign insurance corporation shall have complied with the conditions of the statute, the insurance commissioner may issue his certificate to such company, authorizing it to become, for the purpose of transacting its business, a domestic corporation within this state. G. S. 1894, § 3167 (Laws 1885, c. 183, § 3). All foreign corporations which have complied with the laws of the state are, unless otherwise provided by law, entitled to all the rights, privileges and immunities of domestic corporations. G. S. 1894, § 3425 (Laws 1885, c. 183, § 6).

These several provisions of the statute are not inconsistent, and section 5185 is not repealed, by implication or otherwise, by the other sections we have referred to, although the latter were enacted since the former. Section 3167 authorizes foreign corporations to become domestic corporations only for the purpose of transacting their business, and section 3425 confers upon them the rights and privileges of domestic corporations, except as otherwise provided by law. It was at the time this last section was enacted, and still is, otherwise provided by law with respect to the place of trial of actions against foreign corporations of the character of the defendant. We therefore hold that a foreign insurance corporation, although it has complied with all of the provisions and conditions of the statute as to its right to do business in this state, may be sued in any county in the state which the plaintiff designates in his complaint.

2. The conclusion we have reached in this case renders it unnecessary to consider any other of the assignments of error, except the one to the effect that the verdict was not justified by the evidence. It is settled by the decisions of this court that for the prosecution of a civil action maliciously and without probable cause the party injured may maintain an action for damages, although there was no interference with his person or property. McPherson v. Runyon, 41 Minn. 524, 43 N. W. 392; O'Neill v. Johnson, 53 Minn. 439, 55 N. W. 601. However, the want of probable cause must be very palpable. A greater latitude in the doctrine of reasonable

cause must be exercised in such cases than would be permissible in an action for maliciously prosecuting a criminal case. Before a party can justly be held liable for maliciously prosecuting a civil action, where there was no interference with the person or property of the defendant, want of probable cause must be very clearly proven. Bigelow, Torts, 78; Newell, Mal. Pros. 35. This rule is sustained by principles of justice and public policy. To compel a party who brings a civil action and fails to maintain it to pay the costs is, as a rule, all that a practical administration of justice requires, and is usually sufficient to make him cautious about bringing such suits. Any other rule would make litigation interminable. Cooley, Torts, 207.

Proof of want of probable cause for prosecuting the original action is absolutely essential to the plaintiff's right of recovery, and, while malice may be inferred from proof of want of probable cause, yet the converse of this proposition is not true. Want of probable cause cannot be inferred from proof of malice alone. Probable cause, as applicable to the prosecution of a civil action, is such reason, supported by facts and circumstances, as will warrant a cautious man in the belief that his action, and the means taken in prosecuting it, are legally just and proper. What facts and whether particular facts constitute probable cause is a question exclusively for the court. What facts exist where there is a dispute as to them is a question for the jury. Therefore the question of probable cause will be reviewed on appeal as a legal conclusion, rather than as a mere question of fact. Burton v. St. Paul, M. & M. Ry. Co., 33 Minn. 189, 22 N. W. 300; Moore v. Northern Pac. R. Co., 37 Minn. 147, 33 N. W. 334; Gilbertson v. Fuller, 40 Minn. 413, 42 N. W. 203.

If the evidence in this case is examined in the light of the principles we have suggested, it will be found that it is not sufficient to sustain a finding to the effect that the defendant instituted the civil action in question without probable cause. There is but little controversy as to the facts established by the evidence on the trial. The defendant is a guaranty insurance company. The action it is charged with having maliciously prosecuted against the plaintiff was before this court on appeal. See Fidelity & Casualty Co. v.

Eickhoff, 63 Minn. 170, 65 N. W. 351, to which reference is made for a fuller statement of the facts than we deem it necessary to make here. The plaintiff was in the employment of the Red River Elevator Company as its grain receiving and purchasing agent at St. Hilaire; and the defendant executed its bond in the sum of $1,000 to his employer, guarantying his fidelity as such agent for one year, beginning September 1, 1889. The plaintiff, in consideration of the defendant's executing such bond, agreed to indemnify the defendant against any loss, damage or expense it might sustain in consequence of such guaranty or any renewal thereof. At the expiration of the year the defendant renewed the bond for another year, commencing September 2, 1890, which was requested and assented to by the plaintiff, as the defendant then understood. The plaintiff on the trial testified that he refused to give a new bond, but admitted that he finally consented thereto.

During the time covered by the bond and the renewal thereof there was a shortage in the plaintiff's account of over 900 bushels of wheat; that is, the amount received into the elevator was that number of bushels more than was delivered to the elevator company. It was clearly established on the trial of this action that the deficit was not due to any fraud or dishonesty on the part of the plaintiff, but to a failure to take sufficient dockage, or some other cause. The elevator company made a claim for this shortage on the defendant, by virtue of its guaranty; and the defendant duly investigated the claim, conceded that it was liable, and paid the elevator company $665.90 in settlement thereof. Afterwards it took an assignment of the claim, and commenced September 28, 1892, an action thereon against the plaintiff. This action was commenced on the advice of counsel, after a full statement of the facts. It was, however, dismissed, and another action brought, on like advice by counsel, May 18, 1893, on the plaintiff's agreement to indemnify the defendant. A motion was made on behalf of the defendant in that action (the plaintiff in this action) to set aside the service of the summons on the ground of irregularity; and thereupon the action was dismissed by the defendant herein, and the action was again commenced June 28, 1893. A demurrer was interposed to the complaint in this third action, which was sustained in

the district court; but on appeal to this court the order was reversed, and the cause remanded to the district court. Afterwards, and on December 7, 1896, the defendant dismissed its action, and thereafter the plaintiff commenced this action. The statute of limitations had then run as to any action based upon the commencement of the first two actions, and the facts as to the bringing of them were received in evidence solely for the purpose of showing malice in bringing the last action.

The question then is, did the defendant bring the third action without probable cause? It appears from the undisputed evidence that the first action was dismissed and the second one commenced on the advice of counsel that the defendant's proper and practicable remedy was by an action on the indemnity agreement by the plaintiff, and not by an action as the assignee of the supposed claim of the elevator company against the plaintiff, as the defendant was at first advised. The reason for dismissing the second action we have stated. The third was commenced simply to correct an irregularity of the proceedings in the second one, of which plaintiff was seeking to take advantage. The undisputed evidence shows that the third action was dismissed on account of the supposed insolvency of the plaintiff, and the difficulty of making the necessary proofs, for the reason that the reports of the wheat tickets of the plaintiff and the books of the elevator company had been destroyed without defendant's knowledge or consent.

Upon the whole evidence, we are of the opinion that it is not sufficient to sustain a finding that the defendant commenced the action in question without probable cause. It is probably true that mistakes were made on the part of defendant which prolonged the litigation, and resulted in annoyance and loss to the plaintiff. However, it must be remembered that the law in regard to guaranty insurance and the rights of the respective parties to the bond and indemnity agreement was then unsettled. Losses by judicial proceedings belong to the common incidents of life, and if, in a given case, there is probable cause for instituting them, the party injured thereby can have no redress, except such costs as the law

awards. The evidence is not sufficient to warrant a finding that this is not such a case.

Order reversed and a new trial granted.