EDITH A. CLEMENTS v. JEROME UTLEY.[1]

January 29, 1904.

Nos. 13,616—(118).

**Venue—Nonresident Defendant.**

An action against a nonresident for the recovery of money may be brought in any county in the state, and a writ of attachment may therein issue, directed to the sheriff of any other county for service.

**Attachment—Court Commissioner.**

Court commissioners still retain the power conferred upon them by G. S. 1904, § 5288, to authorize the issuance of writs of attachment, notwithstanding the enactment of Laws 1897, p. 576 (c. 311, § 2).

**Signature of Writ.**

According to the certified copy of a writ of attachment of record in the office of the register of deeds, the writ was signed, "L. H. Prosser, Clerk, by D. W. Bacon." The seal of the court was affixed. *Held,* that the writ was properly signed, sealed, and issued.

**Entry of Judgment.**

Certain irregularities in the entry of judgment, not affecting the rights of the debtor, considered and disposed of.

Action in the district court for Hennepin county to determine the adverse claim of defendant to real property in possession of plaintiff. The case was tried before Elliott, J., who found in favor of defendant. From a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*Webber & Lees,* for appellant.

Defendant's title is founded upon an execution sale under a judgment against Joseph R. Clements to which plaintiff was not a party, which was had after her possession had begun. Hence the validity of the attachment of the property as that of Clements, which it is claimed was a lien upon it when plaintiff went into possession, is the vital question. The court commissioner of Fillmore county had no power to allow the writ for the reason that it appears upon the face of the affidavit for attachment that the defendant Clements was a nonresident of the state and that none of the property sought to be attached was situated in

1 Reported in 98 N. W. 188.

Fillmore county. G. S. 1894, § 5186; Kenney v. Goergen, 36 Minn. 190; Harvey v. Great Northern Ry. Co., 50 Minn. 405; Waples, Attachm. §§ 5–9; Plummer v. Hatton, 51 Minn. 181. Section 5186, G. S. 1894, while directory in form is mandatory in fact. If an action by attachment of the property of a nonresident may be brought in any county of the state, without reference to the presence or absence of property in such county which is subject to attachment, why have any statutory provision at all? The word "may" in a statute has frequently been held to be equivalent to "must" or "shall." Gilfillan v. Hobart, 35 Minn. 185; N. W. Mut. Life Ins. Co. v. Keith, 77 Fed. 374; Ingalls v. Ingalls, 150 Mass. 57; Steines v. Franklin, 48 Mo. 167; Falls v. Brower, 105 N. C. 440; Matter of Ballentine, 45 Cal. 696; State v. Kent, 4 N. Dak. 577. A nonresident may be proceeded against by attachment only in some county in which he has property subject to attachment. Johnson v. Johnson, 26 Ind. 441; Wasson v. Millsap, 70 Iowa, 348. Proceedings by attachment not being of a remedial nature, the statute must be strictly construed. Caldwell v. Sibley, 3 Minn. 300 (406); Davidson v. Owens, 5 Minn. 50 (69); Duxbury v. Dahle, 78 Minn. 427.

The certified copy of the writ in evidence in this case was signed "L. A. Prosser, Clerk, by D. W. Bacon." When the statute provides that real estate shall be bound after a certified copy of the writ has been left for record, it means a certified copy of a writ which on its face appears to be valid. If the paper so left for record is not valid as a writ, there has been no valid attachment. Wheaton v. Thompson, 20 Minn. 175 (196); O'Farrell v. Heard, 22 Minn. 189. The writ must be "signed by the clerk." Evidently the clerk himself did not sign this writ. Unless Bacon was his deputy he had no authority to sign the writ or affix the seal of the court to it. The official appellation of an officer is as necessary a part of his official signature as his individual name. Coffey v. Hendricks, 66 Tex. 676; Note to Livingston v. Kettelle (1 Gilm. 116) 41 Am. Dec. 168; Emeric v. Alvarado, 90 Cal. 444; Lessee of Johnston v. Haines, 2 Ohio, 55; Cassell v. Cooke, 8 Serg. & R. 268. The records are notice only of what they contain and if an instrument filed for record has been incorrectly recorded, the person claiming under such instrument must suffer, and not subsequent purchasers. Parret v. Shaubhut, 5 Minn. 258 (323); Roberts v. Grace, 16

Minn. 115 (126); Potter v. Dooley, 55 Vt. 512; State v. Davis, 96 Ind. 539; Barnard v. Campau, 29 Mich. 162; Knight v. Elliott, 22 Minn. 551; Colman v. Goodnow, 36 Minn. 9; Thompson v. Scheid, 39 Minn. 102; Hickey v. Collom, 47 Minn. 565; DeGraw v. King, 28 Minn. 118; Grimes v. Fall, 81 Minn. 225; Norton v. Hauge, 47 Minn. 405.

It may be urged that the court takes judicial notice of Bacon's official position. But the plaintiff takes judicial notice of nothing. Neither is she bound to take notice of or make inquiry concerning the actual relations of D. W. Bacon to the court or the clerk of the court. The record in itself must disclose the existence of the authority assumed by the officer. Parret v. Shaubhut, supra; Bailey v. Galpin, 40 Minn. 319; Duxbury v. Dahle, supra.

*H. S. Bassett* and *Gray & Thompson,* for respondent.

COLLINS, J.

This action was brought to determine an adverse claim made to certain real property in the city of Minneapolis, Hennepin county. It stood admitted by the pleadings that plaintiff was in possession under a claim of right, while defendant alleged in his answer that he was the owner and entitled to possession, which he demanded be awarded to him.

There was no dispute over the facts, both parties claiming from the same common source of title—plaintiff's husband, Joseph R. Clements, one of the defendants in Utley v. Clements, 79 Minn. 68, 81 N. W. 739. The claim of ownership asserted by Mr. Utley, defendant herein, was based upon proceedings in the above-entitled action, whereby he averred he first secured a lien on the property by virtue of a seizure under a writ of attachment, and later obtained complete title through a sale on execution in July, 1900, at which he became the purchaser, and from which there was no redemption. Plaintiff entered into possession after the alleged attachment, and before the docketing of the judgment entered in the action in Hennepin county, and her right to such possession depends upon the alleged existence of certain irregularities in the proceedings, by reason of which she asserts Mr. Utley failed to secure any title whatsoever. It must be conceded that if the attachment was invalid, as Mrs. Clements alleges, the execution sale cannot affect her right to recover in this action, and also that if the attachment

was valid, but the sale upon execution fatally defective, as she claims, her right to possession still remains unaffected. We pass to a consideration of the alleged irregularities upon which plaintiff relies.

1. The original action was brought in Fillmore county, wherein defendant Todd then resided. The other defendant, Clements, was a nonresident, and could not be found in this state. A writ of attachment was issued out of the district court for Fillmore county, directed to the sheriff of Hennepin county, and ordering him to attach the property of Clements therein situated, and the property now in controversy was thereupon attached. The point is here made that the court commissioner of Fillmore county, who, upon an affidavit and approved bond, directed that the writ issue, had no power to act or to order its issuance, because it appeared on the face of the affidavit that defendant Clements was a nonresident; that none of the property sought to be attached was situated in Fillmore county, and, on the contrary, that it conclusively appeared that it was situated in Hennepin county. The claim of lack of power is based upon the wording of G. S. 1894, § 5186, which provides that where the defendant is a nonresident, and the plaintiff proceeds by attaching his property, the action *may* be brought in any county where the defendant has property liable to attachment. It is asserted that, while this section is directory in form, it is mandatory in fact; that the word "may," which we have italicized, should be construed as "must," and with this construction the district court of Fillmore county could not acquire jurisdiction over Clements, and could not and did not proceed against him by attaching his property in Hennepin county; and that the order of the court commissioner was an absolute nullity.

Such a construction of section 5186 cannot be tolerated. Section 5185 applies to actions for the recovery of money, and it is expressly provided that such an action shall be tried in the county in which the defendants, or any of them, reside at the time of its commencement, or, if none of the parties reside in the state, it may be tried in any county designated in the complaint, subject, however, to the power of the court to change the place of trial. From this section, it seems that it is immaterial in what county an action to recover money is brought, for it simply refers to and fixes the place of trial. The original action in question was brought upon the joint indebtedness of Clements and

Todd. The latter was entitled to a trial in Fillmore county, his place of residence; and, as against him, the district court of Hennepin county could not proceed, should he seasonably demand a change of place of trial. If the district court of Fillmore county could not proceed against Clements and obtain jurisdiction over his person by issuing a writ and attaching his property situated in another county, it could not acquire jurisdiction over him through any steps taken by Todd whereby the place of trial of an action brought against both was changed to that county. Had the action been brought in Hennepin county, as counsel insist it should have been, and had Todd exercised his right to have it tried in Fillmore as to him, it is difficult to understand what would have become of the action pending against Clements. To construe section 5186 as contended for would not only invite such a question as that above suggested, but others equally confusing. That section confers the right upon a plaintiff proceeding against a nonresident by attachment of his property to bring his action in any county in which the latter has property, but it does not compel him so to do. He may bring it in any county in the state, subject to the power of the court to change the place of trial. This action was properly brought in Fillmore county, and the writ was properly directed to the sheriff of Hennepin county for service.

2. The court commissioner ordered the issuance of the writ of attachment on the day the summons was issued and personal service thereof made upon Todd in Fillmore county, but it does not appear, from an affidavit or otherwise, whether this was before or after the summons was so served; and, relying upon a part of Laws 1897, p. 576 (c. 311, § 2) it is argued that the commissioner was without authority or power to allow the writ until the action was pending, or, in other words, until after the summons had been served upon Todd; attention being called to G. S. 1894, § 5143, as to when an action is pending.

In Blackman v. Wheaton, 13 Minn. 299 (326), it was held that it was not necessary that an action be pending at the time of the allowance or issuance of a writ of attachment, and that it might issue simultaneously with the summons, or later; and this is a correct interpretation of the law as it now exists, unless a radical change has been wrought by the enactment of section 2, supra, and court commissioners have

thereby been deprived of the power which they theretofore had to authorize the issuance of a writ simultaneously with the issuance of a summons. We are very decidedly of the opinion that, whatever may have been intended by the legislature when enacting the 1897 statute, it was not its purpose to deprive court commissioners of the authority they theretofore had to order the issuance of writs of attachment. This is apparent from the first part of the section, which provides, as had previous statutes, that court commissioners shall have and exercise the judicial power of a district court at chambers, and this power includes that of authorizing the issuance of writs of attachment before the action has been commenced by the service of a summons. There certainly could have been no intention to diminish or curtail the power of court commissioners by this careless piece of legislation, by which it was enacted that these officers should have power to "issue" writs—a power not possessed by judges of district courts, for writs must be "issued" by the clerks of court. Court·commissioners still retain the power conferred upon them by section 5288 to authorize the issuance of writs of attachment.

3. According to the certified copy of the writ of attachment filed by the sheriff and recorded in the office of the register of deeds of Hennepin county, the original was signed, "L. H. Prosser, Clerk, by D. W. Bacon," and for that reason it is claimed that the alleged attachment was ineffectual and of no validity. The law requires—section 4848— that all writs shall be sealed with the seal of the court, and signed by the clerk. The original writ was not exhibited in the court below, but we must presume it was signed as was the copy. Bacon may have been, and probably was, a deputy clerk. If he was, his signature, as shown by the copy, was sufficient, because the courts will take judicial notice of the signatures of all their officers. Especially will they take notice of the signatures of deputy clerks, whose appointments as such deputies must be approved by the courts. Or the words "by D. W. Bacon" may be rejected as surplusage, and the signature regarded as that of the clerk, Prosser, only.

It must not be forgotten that this certified copy of the writ was offered in evidence and its sufficiency questioned in the district court of Fillmore county, and that it had attached and affixed the seal of that tribunal. But with the seal of the court attached to the writ, the pre-

sumption is that the clerk, personally, or by his deputy, issued it. The question here is not unlike those considered in State v. Barrett, 40 Minn. 65, 41 N. W. 459. See also Himmelmann v. Hoadley, 44 Cal. 213. The writ was properly signed and issued.

4. Another point is made, that, as the judgment entered was for $320 less than the amount stated in the judgment docket and recited in the execution, there never has been a valid execution sale of the premises in question. The judgment to be entered, as stipulated by the parties, was for the sum of $26,108.03. There was an error made by the clerk when entering the judgment, arising out of his failure to add interest to the amount of damages, as authorized by the stipulation. Afterward, in May, 1900, by order of the court, based upon another stipulation, the clerk corrected and amended his entries so as to conform to the facts, all of which appeared in his office. The judgment as amended was again docketed in Hennepin county, an execution issued, and the property sold in accordance therewith. Even if the original error had been of substantial merit, it was rectified in accordance with an agreement made by the parties and the actual facts, and not the slightest injustice or injury was done to the judgment debtor.

5. This disposes of the appeal, and the rights of the plaintiff in this action to possession of the property were and are subordinate to the defendant's interests and rights as owner, and the judgment in favor of the latter, from which the appeal was taken, stands affirmed.

Judgment affirmed.