STATE EX REL. TWIN CITY & SOUTHERN BUS COMPANY v. DISTRICT COURT OF OTTER TAIL COUNTY AND OTHERS.[1]

June 21, 1929.

No. 27,579.

[1]Reported in 225 N. W. 915.

*Cobb, Hoke, Benson, Krause & Faegre,* for relator.
*Roger L. Dell,* for respondents.

PER CURIAM.

Order to show cause why a peremptory writ of mandamus should not issue directing a transfer of the files and records of the cause from the district court of Otter Tail county to Hennepin.

From the petition and the return it appears that defendant is a foreign corporation authorized to and doing business in this state, having the main and head office in Minneapolis, and having no office, agent, place of business, bus or bus line in the county of Otter Tail; that plaintiff's cause of action is predicated upon a collision with defendant's bus in the state of Wisconsin; and that defendant's officers, agents, books and records are in Hennepin county, making it a matter of considerable inconvenience for defendant to try the action in Otter Tail county. The district court denied a motion to transfer the cause from the last named county to the county of Hennepin, defendant having previously made a demand for such change under G. S. 1923 (2 Mason, 1927) § 9215.

Plaintiff laid the venue in Otter Tail county, relying upon this provision found in G. S. 1923 (2 Mason, 1927) § 9214, relating to venue:

"If none of the parties shall reside or be found in the state, or the defendant be a foreign corporation, the action may be begun and tried in any county which the plaintiff shall designate. A domestic corporation other than railroad companies, street railway companies * * * shall be considered as residing in any county wherein it has an office, resident agent or business place."

Defendant cannot be brought within the concluding sentence of the section as properly suable in Otter Tail county, for its transportation line does not reach that county.

Olson v. Osborne & Co. 30 Minn. 444, 15 N. W. 876, and Eickhoff v. Fidelity & Casualty Co. 74 Minn. 139, 76 N. W. 1030, determined that, under the provision cited, a plaintiff may select the venue in a transitory action against a foreign corporation and retain it there for trial except there be a change directed under G. S. 1923 (2 Mason, 1927) § 9216. We are now persuaded that the part of the statute relating to foreign corporations as construed in the cases cited offends the equal protection clause of the fourteenth amendment to the federal constitution, in that it unreasonably discriminates against foreign corporations in favor of domestic, according to Power Mfg. Co. v. Saunders, 274 U. S. 490, 47 S. Ct. 678, 71 L. ed. 1165. The statute of Arkansas, there involved, was virtually the same as ours and was given the same effect by the supreme court of that state as in our decisions mentioned. They must therefore be considered as overruled and an interpretation placed upon the whole of said § 9214 which entitles a foreign corporation, sued in this state upon a transitory cause of action in a county where it has no office, resident agent, or place of business, to have it removed under the provisions of § 9215 to a county where "it has an office, resident agent or place of business," thus according it the same treatment as to venue as a domestic corporation. This result is foreshadowed in State ex rel. Oakland M. C. Co. v. District Court, 176 Minn. 78, 222 N. W. 524.

Let a peremptory writ of mandamus issue as prayed.