STATE EX REL. LESLIE C. HELMES v. DISTRICT COURT OF RAMSEY COUNTY AND OTHERS.[1]

November 24, 1939.

No. 32,331.

[1]Reported in 287 N. W. 875.

*Charles H. Weyl,* for relator.

*S. Bernard Wennerberg,* for respondents.

PER CURIAM.

On trunk highway No. 61 in Pine county, this state, a collision occurred October 3, 1937, between an automobile owned and driven by relator and one owned and driven by Charles Sandon. Sandon's wife was riding in his car. Both sustained injuries in the collision. In July, 1939, the Sandons brought separate actions against relator in the district court of Pine county, alleging that the injuries suffered were caused by relator's negligent operation and management of his car in Pine county. Within the proper time relator filed an affidavit that he was a resident of Ramsey county and requested a change of venue to the county of his residence. The clerk of the district court of Pine county promptly transmitted the files to the clerk of the district court of Ramsey county. Thereupon each of the Sandons moved the court of Ramsey county to return the files to the district court of Pine county. The court, Judge Clayton Parks, filed an order in each case September 5, 1939, reading:

"Ordered, that the clerk of the district court of Ramsey County, Minnesota, return all the files in the above entitled action to the clerk of the district court of Pine County, Minnesota, forthwith upon the expiration of the stay herein, unless an appeal is taken, or unless there be a further order of this court."

Thereupon relator obtained from this court an order to show cause why a peremptory writ of *mandamus* should not issue directing the district court of Ramsey county and the judges thereof to retain the files and records of said cases in Ramsey county.

The venue statute was amended by L. 1939, c. 148. The title of the act is: "An act fixing venue of cases arising out of the negligent management, operation and control of motor vehicles, in certain cases."

"Section 1. That an action against the owner, driver or operator of any motor vehicle arising out of and by reason of the negligent driving, operation, management and control of said motor vehicle may be brought in the county where the action arose or in the county of the residence of the defendant or a majority of the defendants against whom such action is brought and when so brought the venue of such action shall not be changed without the written consent of the plaintiff filed with the court or unless changed by order of the court pursuant to Section 9216 of Mason's Minnesota Statutes of 1927.

"Sec. 2. All acts or parts of acts now in effect inconsistent with the provisions of this act are hereby superseded, modified or amended to conform to and give full force and effect to the provisions of this act.

"Approved April 8, 1939."

Relator contends that statutes should not be given a retroactive effect, and that venue is a valuable right of which he should not be deprived by construction. When these actions were begun the above statute was in force and determined the venue. A mere reading of the statute indicates an intention to have it apply to the venue of every case within its terms commenced after its enactment, no matter when the cause of action arose. Venue as a matter of procedure does not arise until an action is started. Insofar as prior statutes relating to venue were out of harmony with c. 148 they were amended or superseded so as to conform to it. We have been cited to no decision holding venue a sub-

stantive right. 6 Dunnell, Minn. Dig. (2 ed. & Supps.) § 8946, states: "Statutes affecting remedies are presumptively applicable to all actions,—those already accrued and those of the future." Goben v. Akin, 208 Iowa, 1354, 227 N. W. 400, is directly in point. Relator could have no vested right in the venue until the action was started, and at that time the venue was fixed by L. 1939, c. 148.

The order to show cause is discharged.

