GENEVIEVE E. CLASEMAN v. WILLIAM FEENEY.[1]

November 14, 1941.

No. 33,119.

[1]Reported in 300 N. W. 818.

*Maugridge S. Robb,* for relator.

*Logan O. Scow* and *Barron & Bradford,* for respondent and the Honorable J. B. Himsl.

JULIUS J. OLSON, JUSTICE.

Order to show cause why a peremptory writ of *mandamus* should not issue directing a transfer of the files and records in this case from the district court of Todd county to Sherburne county for trial.

The action is for wrongful death, under Mason St. 1940 Supp. § 9657. Intestate was killed in an automobile collision in Sherburne county on September 16, 1940. Defendant, a resident of Chicago, Illinois, was the driver of the car claimed to have been the negligent cause of death. Decedent was a resident of Hennepin county at time of death, and the probate court there appointed plaintiff administratrix of his estate. She resides in Todd county.

The only question presented is whether defendant-relator is entitled, as a matter of statutory "right," to a change of venue. He relies upon L. 1939, c. 148, Mason St. 1940 Supp. §§ 9213-1 and 9213-2, which provides:

"That an action against the owner, driver or operator of any motor vehicle arising out of and by reason of the negligent driving, operation, management and control of said motor vehicle may be brought in the county where the action arose or in the county of the residence of the defendant * * * and when so brought the venue of such action shall not be changed without the written consent of the plaintiff." All inconsistent acts "are hereby superseded, modified or amended to conform to" the present act.

■ Since our district courts virtually "constitute one court of general jurisdiction coextensive with the boundaries of the state," the fact that "a civil action is brought or tried in the wrong county is not jurisdictional." 2 Dunnell, Dig. & Supp. § 2758; 6 *Id.* § 10104, and cases cited under notes.

■ Venue, *i. e.,* place of trial, is governed by statute. Mason St. 1927, §§ 9206 to 9214. Section 9206 provides that "every civil action [except actions relating to land] shall be tried in the county in which it was begun, unless the place of trial be changed as hereinafter prescribed." Sections 9215 to 9220 prescribe what must be done to secure a change of venue.

■ This action, being a transitory one and defendant a nonresident, is, under § 9214, triable in any county designated by plaintiff. Clements v. Utley, 91 Minn. 352, 98 N. W. 188; 6 Dunnell, Dig. § 10109. So, unless that section has been "superseded,

modified or amended" by L. 1939, c. 148, the venue was properly laid to Todd county.

■ As to residents, transitory actions are triable in the county where the defendant or one or more of several defendants reside when the action is begun. Mason St. 1927, § 9214; 6 Dunnell, Dig. & Supp. § 10106, and cases under note 97. But if the action is brought elsewhere defendant must make seasonable demand for change of venue in compliance with § 9215.

Relator relies upon State ex rel. Twin City & Southern Bus Co. v. District Court, 178 Minn. 72, 73, 74, 225 N. W. 915, and State ex rel. Helmes v. District Court, 206 Minn. 357, 287 N. W. 875. Neither case is in point here. In the first cited case (178 Minn. 73, 74) defendant was a—

"foreign corporation authorized to and doing business in this state, having the main and head office in Minneapolis, and having no office, agent, place of business, bus or bus line in the county of Otter Tail;" where the action was brought. * * * "We are now persuaded that the part of the statute relating to foreign corporations as construed in the cases cited offends the equal protection clause of the fourteenth amendment to the federal constitution, in that it unreasonably discriminates against foreign corporations in favor of domestic, according to Power Mfg. Co. v. Saunders, 274 U. S. 490, 47 S. Ct. 678, 71 L. ed. 1165."

Consequently the court overruled Olson v. D. M. Osborne & Co. 30 Minn. 444, 15 N, W. 876, and Eickhoff v. Fidelity & Cas. Co. 74 Minn. 139, 76 N. W. 1030, which held otherwise.

The Helmes case decided only that L. 1939, c. 148 (206 Minn. 357, 287 N. W. 875) "relates to procedure * * * and applies to actions brought subsequent to the enactment even though the cause of action accrued prior thereto."

■ The question of venue is a matter "for local regulation and state authority." Doll v. C. G. W. R. Co. 159 Minn. 323, 325, 198 N. W. 1006, 1007, where the court said:

"Congress may create rights and provide for their enforcement in the state courts, and, in such cases, those courts may not decline jurisdiction. But Congress may not go farther and govern the state courts on questions of venue, nor direct where or within what limited portion of the state its courts may function with respect to cases within their jurisdiction. That is a question for local regulation and state authority."

The holding in that case is supported by the weight of judicial opinion. Thus, in Bainbridge v. Merchants & Miners Transp. Co. 287 U. S. 278, 280, 281, 53 S. Ct. 159, 77 L. ed. 302, 304, 305 (decided December 5, 1932), this question was the determinative one, in that the supreme court of Pennsylvania [306 Pa. 204, 159 A. 19] had affirmed the trial court "dismissing for want of jurisdiction an action brought to recover damages for personal injuries sustained by plaintiff as a member of the crew of defendant's vessel." (77 L. ed. 302.) The court reviewed and considered the cases upholding the position taken by the Pennsylvania court, and in respect thereof said (287 U. S. 280, 281, 53 S. Ct. 160):

"The contrary view limiting the provision [in respect to jurisdiction under the Jones Act, 46 USCA, § 688, which provided that, 'Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located'] to the federal courts, which we approve, is expressed in [citing numerous cases]. If the question were more doubtful than we think it is, we should be slow to impute to Congress an intention, if it has the power, to interfere with the statutory provisions of the various states fixing the venue of their own courts. It follows that the venue should have been determined by the trial court in accordance with the law of the state."

In footnote 2 many more cases are cited, including our own case of Doll v. C. G. W. R. Co.

■ Under L. 1939, c. 148, two alternatives in respect to place of trial are provided. The plaintiff may select either one, and when

he does defendant is precluded from demanding a change as a matter of right under § 9215. Then, too, if the act were to be construed as applicable to nonresident defendants, the alternative phrase, "or in the county of the residence of the defendant," obviously would be superfluous.

Of course, there is open to defendant the right to apply to the court for a change of venue because "an impartial trial cannot be had in the county wherein the action is pending" or because "the convenience of witnesses and the ends of justice would be promoted" thereby under § 9216. Here he has not availed himself of it nor does he seek relief upon any such ground. Absent, as here, any "clearly expressed intention to the contrary" (6 Dunnell, Dig. & Supp. § 8957, and cases under note 98), we think there is nothing in the 1939 act to indicate, much less to require a holding, that the legislature intended to impede, limit, or change the long existing and generally observed right of one seeking judicial relief to sue a nonresident defendant "in any county which the plaintiff shall designate," subject, however, to a change of place of trial under order of the court as specified in § 9216. We should not make exceptions to or place limitations upon a statute which are not warranted thereby.

Writ discharged and order affirmed.