PANZRAM v. O'DONNELL (two cases).
Civ. Nos. 149, 150.

District Court, D. Minnesota, S. D.
Dec. 23, 1942.

Moonan & Moonan, of Waseca, Minn., for defendant in support of said motion.

Schmitt, Johnson & Farrish, of Mankato, Minn., for plaintiffs in opposition thereto.

NORDBYE, District Judge.

Defendant's motions are based principally on these grounds: That Sections 170.05 and 542.09 of the Laws of Minnesota for 1941 violate the equal protection clause of the Constitution of the United States, Amend. 14, and impose an unreasonable burden on interstate commerce.

Defendant is a resident of the State of Wisconsin. On June 7, 1942, an automobile driven by him collided with a car driven by Herman Panzram on a highway in Olmsted County, Minnesota. Panzram resides in Waseca County, Minnesota. These actions were commenced by the plaintiffs in Blue Earth County, seeking to recover damages growing out of the accident referred to. Thereafter, the actions were removed to this court by the defendant on the grounds of diversity of citizenship and that the matter in controversy exceeded $3,000.

Section 170.05 is the so-called Non-Residents Service Act, and pertains to service of the summons upon the Commissioner of Highways in all cases involving actions against nonresidents grow-

ing out of motor vehicle accidents on highways of this state. While it does not appear that this statute has ever been challenged in respect of any claimed conflict with the equal protection clause, it has been repeatedly sustained under other constitutional attacks. Schilling v. Odlebak, 177 Minn. 90, 224 N.W. 694; Jones v. Paxton, D.C., 27 F.2d 364. The United States Supreme Court appears to have adopted the same conclusion when interpreting a similar Massachusetts statute. Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091. Obviously, there must be some difference between the procedure adopted for the service of summons on resident and nonresident automobile users of our highways where such use results in accident litigation. It would seem that the Legislature has adopted a plan for service on nonresidents which affords ample protection to such nonresidents. Substantial equality is all that is required under the equal protection clause. Power Mfg. Co. v. Saunders, 274 U.S. 490, 47 S.Ct. 678, 71 L.Ed. 1165. It would seem that the defendant's position in this regard is devoid of any merit. Nor is there any substance to defendant's position that Section 170.05 imposes an unreasonable burden on interstate commerce. Suffice it to say that this action arose in the State of Minnesota. State of Missouri ex rel. St. Louis, B. & M. Ry. Co. v. Taylor, 266 U.S. 200, 45 S.Ct. 47, 69 L.Ed. 247, 42 A.L.R. 1232. With reference to Section 542.09, it seems sufficient to note that venue is a local matter and that no unreasonable burden is imposed. · If it is defendant's position that an unreasonable burden is imposed because the nonresident cannot obtain a venue in the county where the accident happened as a matter of right, then it may be observed that such venue is not necessarily the most convenient for the nonresident litigant or the witnesses.

The only question which requires any extended consideration is the contention advanced that the venue provided by Section 542.09 violates the equal protection clause. It is defendant's position that he is denied this constitutional guaranty because, under the statute, being a nonresident involved in an automobile accident in this state, he may be sued in any county, while a resident defendant involved in an automobile accident may be sued either in the county of his residence or in the county where the accident happened. The pertinent portion of Section 542.09 provides: "* * * If none of the parties shall reside or be found in the state, * * * the action may be begun and tried in any county which the plaintiff shall designate."

Section 542.095 reads: "An action against the owner, driver, or operator of any motor vehicle arising out of and by reason of the negligent driving, operation, management, and control of such motor vehicle may be brought in the county where the action arose or in the county of the residence of the defendant or a majority of the defendants against whom the action is brought and when so brought the venue of the action shall not be changed without the written consent of the plaintiff filed with the court or unless changed by order of the court pursuant to section 542.11."

This latter statute apparently applies only to resident defendants. Claseman v. Feeney, 211 Minn. 266, 300 N.W. 818. This statute was enacted in 1939, and the Legislature evidently intended to provide a venue statute in automobile accident cases which would permit a plaintiff in proceeding against a resident defendant to select as the venue either the county where such defendant resides, or the county where an accident happened. As to venue in motor vehicle actions against residents, it supersedes and amends Section 542.10 which gave a resident defendant in a transitory action the right to have the matter tried in the county of his residence. It is clear, therefore, that, under this statute, resident defendants do not possess the privilege to be sued in the county where the accident happened as a matter of right; that is, if a resident defendant is sued in the county where he resides, the venue cannot be changed to the county where the accident happened unless plaintiff consents in writing, or unless the court changes the venue because an impartial trial cannot be had in the county where the action is pending, or that a change of venue should be accorded for the convenience of witnesses and that the ends of justice would be promoted thereby. See Section 542.11. Moreover, it would seem that, under Section 542.095, if a resident defendant were sued in a county where an accident happened, he could not obtain a change of venue as a matter of right to the county of his residence. The question is, therefore, Does

Section 542.09, which pertains to the right of a plaintiff to select any county in which to institute a suit against a nonresident defendant in motor vehicle cases, run afoul of the equal protection clause of the Constitution? In this connection, it must be remembered that a nonresident may be sued in the county where the accident happened. In other words, there is nothing in the statute to prevent the suit from being instituted there. In fact, as to that venue, he is accorded the same right as a resident defendant. Neither a resident nor nonresident defendant can insist as a matter of right that the litigation be tried in the county where the accident happened. Obviously, a nonresident cannot be sued in the county of his residence because he has no residence in this state. His situation is to be differentiated from that of a foreign corporation which has an office, resident agent or place of business herein; that is, a nonresident has no agent herein except the one that the law has designated, to wit, the Commissioner of Highways, who is his agent for the service of process only. However, the residence of the Commissioner of Highways has no relation to a nonresident's convenience, nor does it bear necessarily any proximity to the nonresident's residence. In fact, the residence of the Commissioner of Highways may be the farthest removed from the nonresident's point of entry into this state. Such a venue would be entirely arbitrary.

■ A resident defendant's right to require the venue of an action to be laid in the county where the accident happened is no greater than the nonresident's. When we speak of equal protection under the law with reference to venue, we contemplate the consideration of convenience and economy. The convenience of witnesses, impartiality of trial, and the ends of justice are not factors which necessarily enter into the original venue as prescribed by either Section 542.09 or Section 542.095. The county where the accident happened may be far removed from a resident's home and his witnesses. But if a plaintiff brings an action in that county, the defendant has no right, in absence of plaintiff's consent, to change the place of trial except under Section 542.11. That same right to obtain a change of venue is accorded to the nonresident under the same statute; consequently, it would seem that the considerations of economy and convenience are as fully guaranteed to the

individual nonresident under the venue statute as they are to the resident defendant. One may assume a hypothetical situation where a designing plaintiff might bring an action against a nonresident in a remote county far from the scene of the accident and the witnesses, but this court has no right to assume that the Minnesota courts under such circumstances would not afford a nonresident the right of removal to another county if the convenience of witnesses and the ends of justice required such a change. It should be recognized that the problem of framing any venue statute covering resident and nonresident individuals necessarily presents some practical difficulties. The law does not require absolute uniformity, but requires that "the classification be not arbitrary, but based on a real and substantial difference, having a reasonable relation to the subject of the particular legislation." Power Mfg. Co. v. Saunders, supra [274 U.S. 490, 47 S.Ct. 679, 71 L.Ed. 1165]. Obviously, the constitutional provision relied on does not require the Legislature to observe venue equality in transitory actions with meticulous nicety.

In urging an unreasonable discrimination, the defendant relies principally on Power Mfg. Co. v. Saunders, supra. That case involved a foreign corporation doing business in the State of Arkansas and maintaining an office in the county in that state where the particular accident happened. In fact, the accident happened in the factory or building where the nonresident corporation was carrying on its business. It appears that this corporation did no business and had no officer or agent elsewhere in the state. The action was brought, however, in another county though service of the summons was obtained on the agent residing in the county where the accident happened. The statutes of Arkansas required domestic corporations to be sued in the county where it had a place of business or in which its chief officer resided. Under the Arkansas statute, however, suit against a foreign corporation could be maintained in any county in the state. The Supreme Court held the law unreasonable and arbitrary as applied to foreign corporations doing business in the state and having a fixed place of business and an agent in one county, but none, and no property or debts, in the county in which the suit was instituted. It was the view of the Supreme

Court that, in so far as the venue of transitory actions was concerned, such foreign corporation was not distinguishable from a domestic corporation. In other words, to all intent and purposes, the foreign corporation was a resident of the county in which it did business, and should therefore be accorded the same venue rights as a domestic corporation. The same demands for convenience and economy applied to each.

In the instant situation, however, we are dealing with a nonresident who has no place of business or office herein. He could not be sued in the county of his residence, and no showing is made that the county where the accident happened affords a venue which is more convenient or more economical than the county where the suit herein was instituted. Reference is also made to Fisher Packing Co. v. Mattox, 262 Ky. 318, 90 S.W.2d 70, and Kennedy v. Lee, 272 Ky. 237, 113 S.W.2d 1125. These cases assume to follow Power v. Saunders, and the Fisher case held that a statute permitting a plaintiff in an action against a nonresident arising out of operation of an automobile on a highway of the state to elect to institute an action in the county of plaintiff's residence or in the county in which the injury occurred, to be unconstitutional in that it was a denial of equal protection where the statute of the state provided that similar actions against residents should be brought in the county where the defendant resided or in the county in which the injury occurred. But the distinction between the Power case, which dealt with a resident foreign corporation and an individual nonresident who had no residence or place of business in the state, seems obvious. In the Power case, the discrimination was without reasonable and adequate basis. Here, some discrimination is necessarily inevitable because there is no residence of this defendant within the state. While it must be recognized that the Kentucky cases cited are authority for defendant's position herein, it does not seem that the Power case supports the conclusions reached therein. The Supreme Court limited its decision to foreign corporations having a fixed place of business in the state and a resident agent upon whom service of process might be served.

It is asserted by the plaintiff that Claseman v. Feeney, supra, has already determined the question presented. Impliedly,

that may be true. That case has clearly reiterated the doctrines of the Minnesota decisions that venue is a matter for local regulation and state authority. Moreover, the court did construe the identical statutes which are now before this court, and determined that, as to a nonresident in a motor vehicle action, the plaintiff may lay the venue in any county which he chooses, while as to a resident, the suit may be lodged either in the county of the defendant's residence or in the county where the accident happened, but it may be doubted that the court gave any direct consideration to the constitutional questions which are now urged. It would seem that the Claseman case is largely one of statutory construction rather than of constitutional consideration. The effect of that decision is that a nonresident cannot avail himself as a matter of right to the venue prescribed in Section 542.095.

In passing, it may be observed that jurisdiction was undoubtedly obtained over the defendant herein by the service of the summons on the Commissioner of Highways. The jurisdiction of the State Courts is not limited to any particular county, but exists throughout the state. If the action had been lodged in Olmsted County, where the accident happened, it would seem that the constitutional question now presented would be moot. By removing the action to this court, defendant has obtained the same venue as he would have had if the action had been originally commenced in Olmsted County and then removed to this court. That is, Blue Earth and Olmsted Counties are in the same federal judicial division. True, if the state court lacks jurisdiction of the defendant, the Federal court acquired none, and jurisdiction is not waived by removal. However, venue in this state is not jurisdictional. If the action cannot be lodged in Blue Earth County, by reason of the inequality which would result to a nonresident, does it not follow that nevertheless the courts of Minnesota obtained jurisdiction and the defendant's only recourse is to obtain a removal to a county where he would be accorded a venue which was not unreasonable and discriminatory to nonresidents? If venue is not jurisdictional, then it would seem that any inequality could be remedied by removal to the county where the discrimination would not exist, rather than by a dismissal of the action as the defendant now seeks.

While the court in Claseman v. Feeney, supra, concluded that the venue as prescribed in Section 542.095 was not available to nonresidents, it may well be that if the Minnesota Supreme Court ever concluded that, as to nonresidents in motor vehicle actions, Section 542.09 violates the equal protection clause, it would then determine that the venue in the county where the accident happened should be afforded to the nonresident so as to avoid any constitutional conflict. Certainly, the sovereign state is not shorn of its jurisdiction over nonresidents under Section 170.05 merely because the venue statute pertaining to nonresidents cannot be sustained. The venue now afforded this defendant in this court fully squares with all of his claimed constitutional rights, and the motion to quash the summons, if for no other reason, should be denied.

Therefore, in harmony with the foregoing, it follows that defendant's motions be, and the same hereby are, in all things denied. Defendant is to serve and file his answer in each of the above actions within ten days after the date of this order. An exception is reserved to the defendant.