JOHN B. JANASKO AND ANOTHER v.
MICHAEL F. FISHER.

148 N. W. (2d) 364.

January 27, 1967—No. 40,667.

*Mott, Grose, Von Holtum & Hefferan* and *Clint Grose,* for petitioners.
*Jerome E. Kline,* for respondent.

KNUTSON, CHIEF JUSTICE.

This is a petition for a peremptory writ of mandamus involving the venue of a cause of action. We issued our order to show cause why such writ should not be granted on December 14, 1966.

The pertinent facts are that on August 30, 1964, defendant, while driving an automobile, was involved in a collision with an automobile driven by John B. Janasko in which Colleen Janasko was riding as a passenger. The collision occurred in St. Paul, Minnesota. On September 27, 1966, the Janaskos commenced an action against defendant by making service upon the commissioner of highways under and pursuant to Minn. St. 170.55. The venue was laid in Cottonwood County.

At the time of the accident apparently defendant was living in Ramsey County. However, at the time of the commencement of the action he could not be found in the State of Minnesota, and plaintiffs allege in their petition that he had moved to California and had left there for the continent of Europe and was in Europe at the time of the service. These statements are not disputed by defendant. After commencement of the action defendant through his attorney made a demand for change of venue to Ramsey County. He did not allege in his demand that he was

a resident of Ramsey County at the time the action was commenced but merely stated that at the time of the automobile collision he was a resident of Ramsey County. The clerk of the District Court of Cottonwood County thereupon transmitted the file to Ramsey County. Plaintiffs then made a motion in Ramsey County to have the file returned to Cottonwood County, which motion was denied. The matter was brought here upon petition for writ of mandamus to compel the District Court of Ramsey County to return the file to Cottonwood County.

■ No motion has been made for a change of venue from Cottonwood County to Ramsey County under Minn. St. 542.11 on the grounds of convenience of witnesses, but apparently defendant bases his right to have the action remain in Ramsey County on the theory that inasmuch as he was a resident of Ramsey County at the time the accident occurred he has a right to have the cause of action tried in that county.

Minn. St. 542.10 provides for a change of venue when the county designated in the complaint is not the proper county. That statute provides in part:

"* * * This demand shall be accompanied by the affidavit of the defendant, or his agent or attorney, setting forth the county of his residence *at the time of the commencement of the action.*" (Italics supplied.)

It is obvious that under this statutory provision the residence of the defendant at the time of the commencement of the action, not at the time of the occurrence of the accident, is the controlling consideration; and before a defendant has a right to a change of venue, he must allege in his affidavit that he is or was at the time of the commencement of the action a resident of the county to which he demands a change of venue.

■ Inasmuch as it appears that the defendant in this case was a non-resident at the time of the commencement of the action, the venue of the case could be laid in any county in the state. In Claseman v. Feeney, 211 Minn. 266, 268, 300 N. W. 818, 819, we said:

"This action, being a transitory one, and defendant a nonresident, is, under [Mason St. 1927] § 9214, triable in any county designated by plaintiff."

The same language is to be found in § 542.09 where, among other things, it is stated:

"* * * If none of the parties shall reside or be found in the state, the action may be begun and tried in any county which the plaintiff shall designate."[1]

It is therefore apparent that if defendant was not a resident of the State of Minnesota at the time of the commencement of this action, plaintiffs had a right to commence it in any county in the state, defendant's demand for change of venue as a matter of right was ineffective, and the case should be returned to Cottonwood County.

It is therefore ordered that a peremptory writ of mandamus issue to the District Court of Ramsey County to return the file to Cottonwood County.

---

[1] See, also, Panzram v. O'Donnell (D. Minn.) 48 F. Supp. 74.