*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0173**

In the Matter of the Civil Commitment of: LyNell Dupree Alexander.

**Filed July 7, 2014
Affirmed
Schellhas, Judge**

Anoka County District Court
File No. 02-PR-13-487

Daniel P. Repka, Giancola-Durkin, P.A., Anoka, Minnesota (for appellant)

Anthony C. Palumbo, Anoka County Attorney, Lisa B. Jones, Assistant County Attorney, Anoka, Minnesota (for respondent)

Considered and decided by Peterson, Presiding Judge; Schellhas, Judge; and Connolly, Judge.

## UNPUBLISHED OPINION

**SCHELLHAS**, Judge

Appellant argues that the district court erred by denying his motion to dismiss for lack of standing. We affirm.

## FACTS

In August 2013, respondent Anoka County, through a community-corrections manager, petitioned the district court to civilly commit appellant LyNell Alexander as a sexually dangerous person. Alexander was then serving a 45-month sentence in the Moose Lake Correctional Facility in Carlton County for a 2011 Hennepin County

conviction of fourth-degree criminal sexual conduct. Immediately prior to Alexander's incarceration in Carlton County, he lived in a hotel in Anoka County.

In January 2014, Alexander moved to dismiss the commitment petition on the basis that Anoka County lacked standing under Minn. Stat. § 253D.07, subd. 1 (Supp. 2013). The district court concluded that Alexander had "improperly framed" his challenge as a challenge to the county's authority to bring the petition, when in fact he was challenging the venue of the proceeding. The district court nevertheless addressed both standing and venue, concluding that the Anoka County Attorney had standing to petition for judicial commitment and that venue in Anoka County was proper. The court therefore denied Alexander's motion to dismiss.

This appeal follows.

## DECISION

Although Alexander argues that Anoka County lacks standing, he cites section 253D.07, subdivision 1, which does not support his standing argument. *See* Minn. Stat. § 253D.07, subd. 1 ("Before commitment proceedings are instituted, the facts shall first be submitted to the county attorney, who, if satisfied that good cause exists, will prepare the petition. The county attorney may request a prepetition screening report. The petition is to be executed by a person having knowledge of the facts . . . ."). We agree with the district court that Alexander's argument instead pertains to venue.

"[V]enue in civil actions is not jurisdictional." *Peterson v. Holiday Recreational Indus., Inc.*, 726 N.W.2d 499, 504 (Minn. App. 2007) (quotation omitted) (citing *Claseman v. Feeney*, 211 Minn. 266, 268, 300 N.W. 818, 819 (1941)), *review denied*

2

(Minn. Feb. 28, 2007). "The remedy for improper venue is a change of venue" rather than dismissal. *Rosnow v. Comm'r of Pub. Safety*, 444 N.W.2d 591, 592 (Minn. App. 1989), *review denied* (Minn. Oct. 13, 1989); *see* Minn. Stat. § 542.10 (2012). We note that Alexander did not seek the proper remedy—a change in venue.

Anoka County correctly notes that a challenge to venue must be raised by writ of mandamus. *See Ebenezer Soc'y v. Minn. State Bd. of Health*, 301 Minn. 188, 193, 223 N.W.2d 385, 388 (1974) ("It has been the long accepted practice in this state to seek review of a venue order by petitioning this court for a writ of mandamus."); *Peterson*, 726 N.W.2d at 504 (refusing to address post-trial appellate challenge to denial of change-of-venue request because "we will not stray from the long-accepted practice of addressing venue challenges via a petition for mandamus prior to trial"). But, in district court, Alexander moved the court to dismiss the commitment petition, arguing that the district court lacked jurisdiction to hear the matter. Although the district court stated that "[t]he basis of [Alexander]'s claim is largely unclear," the court entertained Alexander's challenges to both subject-matter and personal jurisdiction, ruling against him on those bases. This court may consider Alexander's jurisdictional challenge on appeal. *See State v. Ali*, 806 N.W.2d 45, 48 (Minn. 2011) ("We have long recognized that, in the civil context, an order denying a motion to dismiss for lack of jurisdiction is immediately appealable as of right.").

Alexander argues that Anoka County does not meet any of the criteria of section 253D.07, subdivision 1. The district court found that Alexander resided in Anoka County

immediately preceding his incarceration in Moose Lake. Under section 253D.07, subdivision 1, a commitment petition

> is to be . . . filed with the district court of the county of financial responsibility, as defined in section 253B.02, subdivision 4c, or the county where the respondent is present. If the respondent is in the custody of the commissioner of corrections, the petition may be filed in the county where the conviction for which the person is incarcerated was entered.

Minnesota Statutes section 253B.02, subdivision 4c (2012), provides that "'[c]ounty of financial responsibility'" has the meaning specified in chapter 256G. Under chapter 256G, "[f]or an applicant who resides in a facility described in subdivision 6, [county of financial responsibility] means the county in which the applicant last resided in nonexcluded status immediately before entering the facility."[1] Minn. Stat. § 256G.02, subd. 4(c) (2012). "'Reside' means to have an established place of abode in one state or county and not to have an established place of abode in another state or county." Minn. Stat. § 256G.02, subd. 8 (2012). Abode means "[a] home; a fixed place of residence." *Black's Law Dictionary* 6 (9th ed. 2009). Because the statute contains a definition of residency, we reject Alexander's suggestion that we turn to caselaw to define residency. *See In re Welfare of J.H.*, 844 N.W.2d 28, 35 (Minn. 2014) ("The goal of all statutory interpretation is to ascertain and effectuate the intent of the Legislature. We interpret the words of a statute according to their plain and ordinary meaning." (quotation and citation omitted)).

---

[1] Subdivision 6 includes "correctional facility." Minn. Stat. § 256G.02, subd. 6(1) (2012).

Alexander argues that, before his incarceration in Moose Lake, he was a resident of Ramsey County, not Anoka County, and that Anoka County therefore is not the county of financial responsibility under section 256G.02, subdivision 4(c). "[T]he factors that establish residency are largely questions of fact." *In re Conduct of Karasov*, 805 N.W.2d 255, 265 (Minn. 2011) (quotations omitted). An appellate court reviews questions of law de novo, *see In re Civil Commitment of Giem*, 742 N.W.2d 422, 425–26 (Minn. 2007), and findings of fact for clear error, *In re Civil Commitment of Ince*, 847 N.W.2d 13, 22 (Minn. 2014).

To support his argument that he resided in Ramsey County rather than Anoka County immediately before entering Moose Lake, Alexander notes that parties sent letters to Alexander at a St. Paul address, where his grandfather resided. These parties include the Minnesota Department of Revenue in 2013, U.S. Bank in 2012 and 2013, a collection agency in 2013, and T-Mobile. Alexander also notes that his expired driver's license and written driving record from 2011 reflect St. Paul addresses. Alexander also stated in an affidavit, prepared in connection with this case, that he resided in St. Paul from March 2010 until July 8, 2011. And Alexander's grandfather stated that, although he "could not remember specific dates," Alexander lived with him in St. Paul in 2011 "until Alexander got in trouble and went to jail." But other record evidence supports the district court's finding that Alexander resided in Anoka County immediately before he entered Moose Lake. When Alexander completed his most recent predatory-offender registration before he entered Moose Lake, Minnesota law required him to list, among other things, his primary address and any secondary addresses in Minnesota. *See* Minn. Stat. § 243.166,

subds. 1b(a)(1)(iii) (registration required), 4a (information required) (2010). Alexander listed only a residence in Anoka County. And, during a presentence-investigation interview following his conviction, Alexander stated that he was residing at that listed Anoka County address. We therefore conclude that Alexander fails to demonstrate that the district court clearly erred by finding that he resided in Anoka County immediately before entering Moose Lake or erred by concluding that Anoka County is the county of financial responsibility.

Alexander also argues that the commitment petition should not have been filed in Anoka County because he resided in Carlton County at the time of filing. The petition may be filed in "the county where the respondent is present." Minn. Stat. § 253D.07, subd. 1. The district court concluded that this basis supported venue in Anoka County, after finding that (1) Alexander was "present in Anoka County" *at the time of the court's order* and (2) Alexander was incarcerated in Moose Lake in Carlton County "[p]rior to his transfer for commitment proceedings." Because the evidence supports the district court's finding that Alexander was present in Moose Lake in Carlton County *at the time of filing*, the district court erred by concluding that Anoka County was a proper venue under this provision because Alexander was in the Anoka County Jail at the time that the court issued its order. But this error is harmless because venue in Anoka County is proper because Anoka County is the county of financial responsibility.

Alexander also argues that Anoka County is not the proper county because his last conviction occurred in Hennepin County. "If the respondent is in the custody of the commissioner of corrections, the petition may be filed where the conviction for which the

6

person is incarcerated was entered." Minn. Stat. § 253D.07, subd. 1. Here, the district court found that Alexander's prior conviction was in Hennepin County but, because Alexander was not in the custody of the commissioner of corrections, the court correctly concluded that this basis did not support venue in Anoka County.

In sum, the district court did not err by denying Alexander's motion to dismiss the commitment petition because Anoka County was the county of financial responsibility and venue in Anoka County therefore was proper.

**Affirmed.**